GEORGE TOLIVER v. THE STATE.

*No. 712. Decided November 8.*

1. **A Warrant of Arrest Issued by a Justice to Another County.** A justice of the peace can not issue a warrant of arrest to be executed in another county. Such warrant, when issued by him, must be directed to some suitable officer of his county.

2. **Resisting Execution of Warrant of Arrest—Indictment.**—An indictment under article 222 of the Penal Code, for resistance to the execution of a warrant of arrest, must, to be sufficient, show that the warrant of arrest was a valid and legal warrant.

3. **Same—Accused's Right of Resistance.**—Where a warrant for arrest is illegal, an officer is not authorized to execute it. and the party attempted to be arrested under such illegal writ is not required to submit to the arrest, provided his resistance be not unwarrantable and illegal.

APPEAL from the District Court of Rusk. Tried below before Hon. W. J. GRAHAM.

Appellant was indicted for resisting the execution of a warrant of arrest, and in resisting the same, and that he did make an assault with intent to murder Sam Cook, the constable attempting to make the arrest. At the trial he was convicted, his punishment being assessed at seven years imprisonment in the penitentiary.

The warrant of arrest was set out in full in the indictment as follows, viz.:

" *The State of Texas, to the Sheriff or any Constable of* ——— *County, Greeting :* You are hereby commanded to arrest George Toliver and him safely keep, so that you have him before the Justice Court of Rusk County, Texas, in and for precinct number 1, at Henderson, on the 23rd day of January, 1893, then and there to answer the State of Texas on a charge, by complaint filed in said court, wherein said defendant is charged with the offense of an assault to murder. Herein fail not, but of this writ make due return at the time and place aforesaid, showing how you have executed the same.

" Witness my official signature, this 20th day of January, 1893.

" W. P. DAVIS,
" Justice of the Peace, Precinct No. 1, Rusk County."

Endorsed on the back as follows:

" No. ———. Capias. The State of Texas v. George Toliver. Issued 20th day of January, 1893.

" W. P. DAVIS,
" Justice of the Peace, ——— County, Texas."

A motion was made to quash the indictment because insufficient in law: 1. Because it shows upon its face that the authority under which the arrest was being made was void, because not issued to the sheriff or any constable of Rusk County, nor of any State. 2. Because it is not shown by said bill of indictment that said warrant was issued by authority of law. 3. Because it is not alleged that the said warrant was directed to Sam Cook or any other officer.

This motion to quash was overruled by the court. It will be noted, that in the opinion below, the court holds that the evidence does not sustain the conviction, but in view of the disposition of the case, we do not deem it necessary to state the evidence.

*W. C. Buford,* for appellant.—1. The warrant was and is defective, and conferred no authority on the sheriff or any constable of Rusk County to arrest defendant, because not directed to such officer or any officer of Texas; and this omission could not be supplied in any other manner. Code. Crim. Proc., arts. 232, 233, 905.

2. The testimony is insufficient to sustain the conviction, because there is no evidence whatever tending to show that defendant intended to kill the officer, Cook, who made the arrest. The whole testimony shows defendant thought the officer and parties with him intended to mob him, and was protecting himself from danger, as he thought.

*R. L. Henry*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE—Appellant was indicted for a violation of article 222 of the Penal Code. The warrant for his arrest issued from the Justice Court, and his resistance is alleged to have been made with the intent to murder the officer seeking to execute it. His trial resulted in his conviction, and his punishment was assessed at a term of years in the penitentiary.

The warrant is set out in the indictment, and was directed to the "sheriff or any constable of —— county," etc. It is urged that the omission of the name of the county in the direction of the warrant renders it invalid, and a motion to quash the indictment on this ground was overruled. This ruling is assigned as error. In this State, a warrant of arrest can not be executed beyond the county of its issuance, except in cases specially enumerated in articles 237, 238, Code of Criminal Procedure. In none of these exceptions can a justice of the peace order a warrant executed beyond the limits of his county. The warrant, when issued by the magistrate, must be directed to some suitable officer of his county. Failing in this, the warrant is not a legal one. Code Crim. Proc., arts. 232–234, 237, 238, 905; Archb. Crim. Plead. and Prac., 108, 109. We are of opinion the motion to quash should have been sustained, and the indictment quashed.

The testimony does not sustain the conviction. It does not establish the fact that defendant made an assault upon the officer with an intent to murder him, or even to kill him. The warrant being illegal, the officer was not authorized to execute it, and the defendant was not required to submit to arrest. His resistance, however, must not be made in an unwarrantable or illegal manner, and if he does so he would be responsible for his acts, but not under this bill of indictment. It is unnecessary to enter here into a discussion of the questions involved in such state of case. They have been frequently discussed in this State.

The judgment is reversed, and because the indictment is insufficient, the prosecution is dismissed.

*Reversed and dismissed.*

Judges all present and concurring.