### R. H. FULKERSON v. THE STATE.

No. 2455. Decided March 25, 1902.

**1.—Resisting Arrest—Legal Warrant—Information.**

To constitute the offense of resisting a legal warrant of arrest, the prerequisites are (1) that the warrant must be legal, and (2) it must state that the person is accused of some offense against the laws of the State, naming the offense; and unless the information shows such offense, it is insufficient.

**2.—Same—Gaming.**

An information for resisting a legal warrant for arrest which sets out a warrant which describes the offense as "gaming," charges no offense, since "gaming" eo nomine, is no offense under our law; and such warrant was not a legal warrant.

'Appeal from the County Court of Parker.   Tried below before Hon. D. M. Alexander, County Judge.

Appeal from a conviction of resisting a legal warrant of arrest; penalty, a fine of $60.

No statement required.

*Martin & Martin,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted of resisting a lawful arrest, and his punishment assessed at a fine of $60. The charging part of the information is as follows: "That B. H. Fulkerson, * * * with force and arms did then and there unlawfully resist the execution of a legal warrant of arrest, which was directed against him in a criminal case, when said execution was attempted by a person legally authorized to execute the same; that is John R. Brown, who was then and there the duly qualified marshal of the city of Weatherford, county and State aforesaid, had in his hands a valid legal warrant of arrest directed against the said B. H. Fulkerson, as follows: 'The State of Texas. To the Marshal of the City of Weatherford, or to the Sheriff or any Constable of Parker County, Greeting: You are hereby commanded to take the body of B. H. Fulkerson and bring him before the honorable Corporation Court in Weatherford, Parker County, Texas, on the 15th day of July, A. D., 1901, at 9 o'clock a. m., then and there to answer a complaint filed before said court, wherein the said B. H. Fulkerson is accused of the offense of gaming. Herein fail not, and due return make hereof to said court. · Witness my official signature and seal of said court, this 13th day of July, 1901. [Seal.] W. M. Knight, Clerk Corporation Court.' And while the said John R. Brown, as marshal aforesaid, was then and there attempting to execute said warrant of arrest, in a lawful manner as therein directed, the said B. H. Fulkerson did then and there unlawfully resist the execution thereof by then and there attempting to shoot the said John R. Brown with a gun, and by then and there fighting; that is, by striking the said John R. Brown. And the said B. H. Fulkerson then and there knew that the said John R. Brown was marshal, as aforesaid, and was attempting to execute against him said valid legal warrant of arrest," etc.

Appellant filed a motion to quash the information (1) because the warrant of arrest set out in the information shows that it was not issued by any officer authorized to issue a warrant of arrest; (2) that the information fails to show that defendant was accused of any offense known to the law of this State, the information only showing that defendant was accused of an offense called gaming, when there is no such offense made penal by the laws of this State. Article 238, Penal Code, provides, "If the party against whom a legal warrant of arrest is directed in any criminal case, resists its execution, when attempted by any person legally

authorized to execute the same, he shall be fined not exceeding five hundred dollars," etc. Article 254, Code of Criminal Procedure, provides, among other requisites for a legal warrant of arrest, that "it must state that the person is accused of some offense against the laws of the State, naming the offense." It will be noted article 238, supra, makes it a prerequisite to a violation of the law that the party shall resist a legal warrant of arrest; and article 254, supra, designates what are the legal requisites of a warrant. We think the court erred in refusing to quash the information, since the warrant of arrest as copied in the information does not state any offense against the laws of this State. Gaming, eo nomine, is not an offense under our law; and, it being a prerequisite of a warrant of arrest that it should state an offense, and gaming not being an offense, it follows that the warrant of arrest was not a legal warrant, within the contemplation of the statutes under which this prosecution was instituted. Toliver v. State, 32 Texas Crim. Rep., 444.

The judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*