## Leander Lee v. The State.

### No. 2443.  Decided April 29, 1903.

**1.—Resisting Arrest—Information.**

An information for resisting an officer while attempting to make an arrest, must, to be sufficient, state directly and affirmatively whether the officer was acting with or without a warrant to arrest.

**2.—Same.**

Authority to make an arrest without warrant is limited by the statute to felonies and breaches of the peace when committed in view of the officer.  Card playing is not an offense for which an arrest is authorized without warrant, and an information so charging the offense for which the arrest was attempted by the officer charges no offense against the party resisting such arrest.

**3.—Same—Evidence Insufficient.**

See opinion for evidence stated held insufficient to support a conviction for resisting an officer making arrest.

Appeal from the County Court of Gonzales.  Tried below before Hon. W. W. Glass, County Judge.

Appeal from a conviction for resisting an officer in making an arrest; penalty, a fine of $25.

The information charged appellant and four other parties jointly with resisting a constable who had told them to consider themselves under arrest for gaming in the presence of said constable; the resistance consisting in the act of defendants in throwing said constable down and taking his pistol from him.

A motion was made to quash the complaint and information, as follows:  1.  Because neither said complaint or information describes any offense against the Penal Code of the State of Texas.  2.  Because they fail to show that the alleged officer was at the time attempting to make

a lawful arrest, but on the contrary show affirmatively that the said officer was acting unlawfully. 3. Because they fail to show that defendants or either of them had been guilty within the purview of the officer, of any offense against the public peace, or any other offense known to the penal laws of Texas. 4. Because the offense is not set forth in plain and intelligible words; on the contrary the language of said complaint and information is vague and indefinite. 5. Because neither complaint nor information alleges that the officer was attempting to arrest the defendants "with or without a warrant."

This motion to quash was overruled.

The case is sufficiently stated in the opinion.

*Walter & Von Struve,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was charged with resisting T. J. Tomlinson, constable of precinct No. 3 of Gonzales County, by throwing said Tomlinson to the ground and taking his pistol; that appellant and others were charged with a "misdemeanor of gaming," and were engaged in said game in the presence of said Tomlinson just prior to said resistance, "and was commanded by said Tomlinson to consider themselves under arrest."

Motion was made to quash the information for several reasons. It will be noticed on the face of the pleadings that the only violation of the law referred to or attempted to be charged was "a misdemeanor of gaming," and that said parties, including defendant, "were engaged in said game in the presence of said Tomlinson just prior to said resistance." The pleadings do not state directly and affirmatively that the officer was arresting under warrant or without warrant, the inference being that it was without warrant, but the pleading is defective in not stating the authority by which the officer undertook to make the arrest. Another ground urged is that appellant and his associates were not guilty of a violation of the law in the presence or view of the officers which authorized an arrest without warrant. We believe these propositions are well taken; that it does not sufficiently describe the offense. See Fulkerson v. State, 43 Texas Crim. Rep., 587. If card playing was the game intended to be mentioned in the information, then it was not an offense for which an arrest was authorized without warrant, under the statute, for the authority to arrest without warrant is limited to felonies and breaches of the peace, when committed in the view of the officer. The motion to quash the complaint and information should have been sustained.

Further, in our judgment, the evidence would not support a conviction for resisting an officer in attempting to make an arrest. The facts tend to show that Tomlinson had stated to one of appellant's associates to consider himself under arrest, and he had acceded by saying "all right."

They had started from the scene of the purported arrest, and the prisoner asked why he was arrested, and the others not. That brought up a discussion between the prisoner and the officer. It seems further, that the officer undertook to search his prisoner, which culminated in resistance on his part, and in the scuffle Tomlinson was thrown to the ground, with the prisoner on top. Tomlinson immediately called for a friend of his standing some distance away to come to his assistance. He replied that he could not come, the evidence showing appellant had grabbed this friend of Tomlinson, and for this reason he could not go to Tomlinson's assistance. This is the substance of the testimony which indicates the real merits of the question as to whether or not appellant was resisting arrest. If this testimony be true, it shows that the prisoner, having trouble with Tomlinson, had already been placed under arrest, in so far as to comply with the officer's request, and had accompanied him some distance. If there was an arrest at all, under the circumstances, it had been accomplished. The arrest by Tomlinson was illegal and the prisoner had the right to resist either arrest or the illegal detention. If Tomlinson had authority to search his prisoner it is not shown by the testimony. There is no evidence indicating that the prisoner Tomlinson had in charge was trying to escape, and that appellant was aiding him either directly or indirectly to do so. The prisoner was simply trying to keep Tomlinson from searching his person. The complaint and information should have been quashed; and, in our opinion, the evidence is not sufficient to support the conviction. The judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*