## T. S. SULLIVAN v. THE STATE.

### No. 1602. Decided June 19, 1912.

**Resisting Arrest—Information.**

In a prosecution for resisting arrest under a valid legal warrant where the information did not charge defendant with having committed any offense, and under article 238, Penal Code it being prerequisite to a violation of the law that the person shall resist a legal warrant of arrest, and under article 254, Penal Code it being provided what are the legal requisites of a warrant, the information was insufficient and a motion to quash should have been sustained.

Appeal from the County Court of Delta. Tried below before the Hon. C. C. Dunagan.

Appeal from a conviction of resisting an officer; penalty, a fine of $5.

The opinion states the case.

*Newman Phillips,* for appellant.—Cited cases in opinion.

C. E. Lane, Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—By complaint and information thereon, the appellant was charged with resisting arrest under " a valid legal warrant for his arrest." They charged that theretofore he had been charged with a misdemeanor, to wit; with slander and that said warrant had been issued by the county clerk of Delta County, copying it literally and fully in both the complaint and information.

It is unnecessary for us to copy this warrant of arrest in full. It was regular on its face and in substance, if not in literal compliance with article 266 (new), 254 (old) of the Revised Code Criminal Procedure, except in this particular: In describing the offense with which he is charged on which the warrant of arrest was issued, it said: "Wherein said defendant is charged with the offense of a misdemeanor," instead of as required by subdivision 2 of said article of the Code Criminal Procedure, "it must state that the person is accused of some offense against the laws of the State, *naming the offense.*" This precise requisite is also prescribed for a warrant of arrest in article 975 (new), 940 (old) Code Criminal Procedure.

The acts the defendant did in resisting the arrest were properly charged in said complaint and information.

The appellant made a motion to quash the information because it did not charge him with having committed any offense. This motion was overruled by the court, to which defendant properly took his bill of exceptions. In addition thereto, he also presented the same question more fully in his motion for new trial which the court overruled.

The appellant was tried, convicted and his penalty affixed at a fine of $5.

Under the view we take of this question it is necessary to pass upon only the one question raised, as stated above.

The statute under which this prosecution and conviction was had is as follows: "If the party against whom a *legal* warrant of arrest is directed, in any criminal case, resist its execution, when attempted by any person legally authorized to execute the same, he shall be fined not exceeding five hundred dollars . . ." Penal ·Code, article - 344 (new), 238 (old). This article of the Code seems to have been enacted in precisely the language it now is when our Penal Code was first adopted and has never been amended at any time. It is under the same title and chapter of the Code and seems to have so been all the time, as articles 339, 340 and 341 (new); 235, 236 and 237 (old). Article 339 is: "If any person shall wilfully oppose or resist an officer in executing or attempting to execute any *lawful* warrant for the arrest of another person in a case of felony, he shall be punished, etc."

Article 340 is: "If any person shall wilfully oppose or resist an officer in executing, or attempting to execute, any *lawful* warrant for

the arrest of another person in a case of misdemeanor . . . he shall be punished, etc."

Article 341 is: "If any person shall wilfully resist or oppose any officer in executing or attempting to execute any process in a civil cause, he shall be fined, etc."

It will be noticed that in articles 339 and 340 the language is, "any *lawful* warrant." But in article 341 it does not require that the process in a civil case shall be *lawful* or *legal,* but says *"any* process." Then the language in article 344 is "a *legal* warrant."

The statute under which this prosecution and conviction was had has been construed several times by this court. In the case of Fulkerson v. State, 43 Texas Crim. Rep., 588, the warrant there charged to have been resisted was in effect, the same as the warrant in this case, except that therein the offense named was "wherein the said B. H. Fulkerson is accused of the offense *of gaming."* This court, through Judge Brooks, in that case, after quoting articles 238 and 254 (old) as we have quoted them above, said: "It will be noted article 238, supra, makes it a prerequisite to a violation of the law that the party shall resist a *legal* warrant of arrest; and article 254, supra, designates what are the *legal* requisites of a warrant. We think the court erred in refusing to quash the information, since the warrant of arrest as copied in the information does not state any offense against the laws of this State. Gaming, eo nomine, is not an offense under our law; and, it being a prerequisite of a warrant of arrest that it should state an offense, and gaming not being an offense, it follows that the warrant of arrest was not a *legal* warrant, within the contemplation of the statutes under which this prosecution was instituted. Toliver v. State, 32 Texas Crim. Rep. 444." (Italics ours.)

This court has also, in other cases, so construed these statutes. See McGrew v. State, 17 Texas Crim. App., 613; Toliver v. State, 32 Texas Crim. Rep., 444; Graham v. State, 29 Texas Crim. App., 31. See also Hill v. State, 43 Texas, 329; Alford v. State, 8 Texas Crim. App., 545; Pierce v. State, 17 Texas Crim. App., 232; Lee v. State, 45 Texas Crim. Rep., 95.

The writer of this opinion would not construe these statutes in this case as they have been construed by the cases above cited, but under the peculiar language of the various articles of the statute cited above, and of the decisions of this court heretofore thereon, the Legislature not changing the statute after the courts so construed said acts, and the new Revised Code copying them literally as they have been heretofore, he feels bound by such construction and believes he would not be justified in overruling the said decisions and now construing the statutes as he believes they should have been.

We, therefore, in this case follow the said decisions above cited and hold that the complaint and information are insufficient and that appellant's motion to quash, and ground of the motion for new trial attacking them, should have been sustained.

The judgment in this case will, therefore, be reversed and ordered dismissed.

*Dismissed.*

Davidson, Presiding Judge, not sitting.