### ELLIS et al. v. GLASCOW et al.
### No. 11236.

Court of Civil Appeals of Texas.
San Antonio.

Jan. 27, 1943.

Rehearing Denied Feb. 24, 1943.

Van Haile McFarland, of Eagle Pass, and Wallace & Thurmond, of Del Rio, for appellants.

A. K. Doss, of Abilene, and Collins, Jackson & Snodgrass, of San Angelo, for appellees.

MURRAY, Justice.

This is an appeal from an order of the District Court of Runnels County overruling the appellants' plea of privilege to be sued in Maverick County, where all of appellants resided.

An appeal was first taken to the Austin Court of Civil Appeals (3rd District), from whence, upon an equalization of dockets by the Supreme Court, the appeal was transferred to the El Paso Court of Civil Appeals (8th District). That Court, having been reduced to two members as a result of illness of one of its members, was unable to dispose of the appeal due to a disagreement of its two members present. Hence the appeal was transferred to this Court for determination.

One Chama Lacy (now deceased) was arrested in Runnels County and transported to Maverick County, and this cause of action, so far as this appeal is concerned, is based upon the contention that this arrest amounted to false imprisonment constituting a trespass against Chama Lacy in Runnels County.

Whether the arrest and detention of Chama Lacy constituted false imprisonment depends upon the validity of the warrant upon which the arrest was made. We have concluded that the warrant of arrest used by Griff G. Bowles, as his authority for arresting Chama Lacy in Runnels County and conveying him to Maverick County, was a valid warrant. In this connection, we feel that we cannot improve upon what has been so ably said by Associate Justice Sutton of the El Paso Court in a tentative opinion written by him. From this opinion we quote as follows:

"The sole question, as I view the record, to be decided here is the sufficiency of the warrant under which Lacy was taken into custody.

"Art. 219, C.C.P., among other requisites, provides: 'It must state that the person is accused of some offense against the laws of the State, naming the offense.'

"The warrant, insofar as applicable here is concerned, recited: 'You are hereby commanded to arrest Chama Lacy * * * and bring him before me * * * at my office * * * then and there to answer * * * for an offense against the laws of said State, to-wit: *obtaining board and lodging by trick.*' (Italicizing is mine.) There is no question but that the warrant complies fully with the statute, unless it is defective in the matter of naming the offense in the language underscored above. The complaint is that it omits two elements of the offense—that he obtained board and lodging from a hotel or boarding house and failed to pay therefor. The prosecution is under Art. 1551, P. C.

"The statute merely requires the warrant 'name' the offense. It neither requires that it be defined nor that the elements be given. A warrant is process and not a pleading. The warrant as process is issued by clerks and magistrates. They are usually unlearned and untrained in the law and have no familiarity with the technicalities of pleading. The matter of pleading an offense by complaint, information and indictment is for the county or district attorney. If the warrant must define or name the elements of the offense then there could be no reason for naming it.

"Undoubtedly the purpose for naming the offense is to merely advise the accused he is charged with some particular

offense—obtaining board and lodging by trick, and not murder, etc. * * *

"If the warrant must give the elements of the offense or define it, then no arresting officer could ever safely serve one without first consulting a competent lawyer, and could not then ever feel secure against a civil suit for damages. The effect would to seriously handicap law enforcement officers and render more difficult the enforcement of the criminal laws. Unless a clear duty calls for such course then it ought not to be pursued.

■ "In my opinion such is neither the interpretation nor a proper interpretation of this statute. The cases cited by plaintiffs in support of their position are not applicable and in point. The Fulkerson case [Fulkerson v. State, 43 Tex.Cr.R. 587], 67 S.W. 502, is illustrative. The offense there is named as 'gaming.' 'Gaming' names Chapter 6, P.C., consisting of Arts. 615 to 665, inclusive. The offenses embraced under 'gaming' vary from betting on dominoes and football games to elections, bucket shops and the cotton exchange. There is but one offense of obtaining board and lodging by trick, and that is defined in Art. 1551, P.C.

"Since the codification of the first penal code and code of criminal procedure, and the codification of the civil statutes of 1879, the codifiers have undertaken to name the offense defined in each article by marginal notes and bold-type headlines. Each successive Act for codification of the laws has provided for the retention thereof. In the article here, 1551, a number of things are enumerated which will constitute the offense there named. The first one is 'by means of any trick.' In bold type the offense is named: 'Obtaining board or lodging by trick, etc.' Doubtless the officer who wrote the warrant copied it from the statute, and as heretofore pointed out, this is the only article in the entire code that defines any such offense.

"The nearest Texas case in point here is Owen v. State [58 Tex.Cr.R. 261] 125 S.W. 405. The offense named in the warrant there was 'unlawfully whipping a child.' Technically there is no such offense. Unlawful whipping of a child is one of nine ways in which an aggravated assault is committed. Art. 1147, P.C. This likewise is the only article in the code that makes the unlawful whipping of a child an offense. The warrant contained neither the definition of the offense nor its elements. Nolen v. Jones [200] Ala. [577] 76 So. 935, is very persuasive. The warrant named the offense as, 'buying mortgaged property,' and the court says the words used 'can be reasonably interpreted as charging a violation of sec. 7342 of the Code of 1907, the caption of which is: 'Removing, Selling, or Buying Property to Which Others Have Claim.' The court further said, 'the same particularity is not required in prosecutions of this character before magistrates, and it is sufficient to designate the offense, either in the complaint or warrant, by name only, or by words from which it may be inferred.' The warrant in the instant case is good."

■ Appellants further contend that even if the warrant of arrest was valid, nevertheless, appellees were guilty of a trespass in Runnels County because Chama Lacy was not taken before a magistrate and given an opportunity to make bond in Runnels County before he was taken to Maverick County. In overruling this contention, we also adopt what is said by Justice Sutton on that point, reading as follows:

"Without either pleading or proof to support it, plaintiffs claim the Deputy Sheriff Bowles committed a trespass in Runnels County when he received Lacy at the Runnels County Jail at 3 A. M. March 6th, where he had been confined since March 3rd, and transported him through the county and out of it without taking him before a magistrate and giving him an opportunity to make bond. The writer cannot agree to this proposition for several reasons.

■ "19 Tex.Jur. p. 570, sec. 23, lays down the proposition of law: 'If the arrest is legal, the burden rests upon the plaintiff to show that the arresting officer had authority to take bail, that bail was offered and refused, and that the officer failed to carry the plaintiff immediately before the nearest magistrate for examination.'

"This is recognized as the law in Osoba v. Wilson [Tex.Civ.App.] 56 S.W.2d 937, at page 940, par. (4–6), and in Cannon v. American Ind. Co. [Tex.Civ.App.] 70 S.W. 2d 815, at page 817, par. (4). The Austin Court apparently recognizes the rule. Haverbekken v. Hollingsworth [Tex.Civ. App.] 250 S.W. 261, 265.

■ "To sustain this proposition it must be presumed, without either pleading or proof, not only that Bowles, having taken

Lacy at the jail where he had been for nearly three days confined, and failed and omitted to take him before a magistrate; that Lacy requested and desired the opportunity and could have and would have made the bail had the opportunity been available to him, but also that the Runnels County Sheriff for three days likewise failed in his duty. The fact that the sheriff is not a party to this suit negatives his failure. Likewise, the long line of authorities which hold in the absence of a showing to the contrary public officials will be presumed to have discharged their duties correctly. Anderson v. Polk [117 Tex. 73] 297 S.W. 219; 17 Tex.Jur. 276–281, secs. 75–77.

"In such a situation what would be the position of a plaintiff if it should develop on the trial of a case on the merits he neither had the desire, inclination or ability to make bond? In trespass cases the plaintiff must both plead and prove a cause of action. The court cannot hold a defendant there to find that out on the merits. That must develop on the trial of the plea of privilege. Heard [& Heard] v. Kuhnert [Tex.Civ.App.] 155 S.W.2d 817, and cases there cited. His ability to furnish that which is denied is the gist of his cause of action. His position is that of a broker who must not only show that he found a buyer, but must go further and show the buyer able and willing to buy, etc. * * *

"Bowles removed Lacy from Runnels to Maverick County under the warrant, which commanded and required him to do so. His failure, if failure there was, to take him before a magistrate and offer him an opportunity to make bond was a mere omission to do a duty. The writer regards the rule applicable, 'the word "trespass" was intended to embrace only actions for such injuries as result from wrongful acts wilfully or negligently committed, and not those which result from a mere omission to do a duty.' Ricker v. Shoemaker [81 Tex. 22] 16 S.W. 645; Austin v. Cameron [83 Tex. 351] 18 S.W. 437, both by Judge Gaines; 43 Tex.Jur. 818, sec. 89, and cases there cited. It is one thing to omit or fail to offer the opportunity to make bond and another to forcibly deny an offer and request to make it and then to proceed to confine or remove an accused. To hold an officer liable under such circumstances would open the floodgates of civil actions against our peace officers without any sufficient grounds for such a precedent."

Accordingly, the order of the District Court overruling appellants' plea of privilege will be reversed and this cause remanded to that Court with instructions to the Clerk thereof to transfer this cause to the District Court of Maverick County in the manner provided for by Rule No. 261 of the New Rules of Civil Procedure.

Reversed with instructions.