R. H. CARRAWAY et al., Appellants,

v.

Bennie Mae CARRAWAY, Appellee.

No. 3447.

Court of Civil Appeals of Texas.

Waco.

April 18, 1957.

Rehearing Denied May 16, 1957.

Jones & Jones, Mineola, Jones, Phillips & Watkins, Dallas, for appellants.

James F. McCarthy, Marvin Jay Wise, Dallas, for appellee.

TIREY, Justice.

R. H. Carraway, Sr., and S. Neil Harle have perfected their appeal from an order overruling their plea of privilege to be sued in Wood County, the county of their residence (non-jury). There was no request for findings of fact and conclusions of law and none filed.

The judgment is assailed on what appellants designate as eleven points. They are substantially to the effect that (1) plaintiff failed to allege a cause of action against all of the defendants and to prove the allegations of her petition to the extent of showing a bona fide cause of action against Robert H. Carraway, Jr., the resident defendant; (2 and 3) because the petition does not allege any facts showing any fraud in the sale from Carraway, Jr., to Carraway, Sr., covering the Wood County property, nor does it allege any grounds why said sale should be cancelled, and because the petition does not allege any fact showing fraud in the sale from Carraway, Sr., to Harle covering the Wood County property, nor does it allege any grounds why said sale should be cancelled; (4) because the petition does not show a sufficient excuse for not moving for a new trial during the term that the judgment was rendered in Cause No. 101,657, F/J, styled Robert Henry Carraway, Jr., v. Bennie Mae Carraway; (5) because the petition fails to allege any facts showing (a) that the former judgment was not caused by any negligence of her who seeks to set it aside, but that diligence was used to prevent it; (b) that she had a good defense to the action, which she was prevented from making by fraud, accident or the acts of the opposing party, wholly unmixed with any fault or negligence of her own; (c) that there is good cause to believe that a different result will be obtained by a new trial; (6) because the petition wholly fails to allege any facts showing that any extrinsic fraud was committed by Carraway, Jr., in procuring the judgment in Cause No. 101,657 aforesaid; (7) because if plaintiff's petition raises any issue of fraud whatever with reference to Cause No. 101,657 aforesaid, the same constituted intrinsic fraud and therefore is not ground for setting aside said judgment; (8 and 9) because the undisputed evidence adduced fails to establish any cause of action against the defendant Carraway, Jr., and because the undisputed evidence shows that plaintiff ratified the sale from Carraway, Jr., to Carraway, Sr., and the sale from Carraway, Sr., to Harle by accepting payment of one-half of the balance of the purchase money due after she had full knowledge of all of the facts surrounding said transaction and has thereby waived any rights she may have had to file suit to cancel said conveyances; (10 and 11) the evidence shows that Carraway, Sr., and Harle were not necessary parties in the bill of review action and that no exception existed to exclusive venue in the county of their residence.

Appellee's counter points are substantially (1 and 2) that she has complied with the statutory requirements for establishing venue in Dallas County against the nonresident defendants and that her pleadings show a cause of action against the resident defendant Carraway, Jr.; (3, 4 and 5) that the evidence is ample to make out a prima facie case against the resident defendant and that her pleadings allege a cause of action against defendants Carraway, Sr., and Harle.

Mrs. Bennie Mae Carraway brought this cause of action against her divorced husband Carraway, Jr., and R. H. Carraway, Sr., and S. Neil Harle. Carraway, Jr., is a resident citizen of Dallas County, Texas, and Carraway, Sr., and Harle are resident citizens of Wood County. The action is in the nature of a bill of review to set aside a judgment of divorce entered in Cause No. 101,657, F/J (insofar as the judgment relates to the property settlement) rendered on the 5th of May, 1955, in the District Court of Dallas County, Texas. Defendants Carraway, Sr., and Harle filed separate pleas of privilege alleging substantially that each resided in Wood County, Texas, in conformity with Rule 86, Texas Rules of Civil Procedure. Mrs. Carraway seasonably filed her controverting affidavit. In this controverting plea she denied generally each of said pleas and she adopted her original verified petition and made it a part of her controverting plea. She further alleged that Carraway, Jr., is a resident citizen of Dallas County, Texas, and that her original petition shows a bona fide cause of action against Carraway, Sr., and Harle, and because Carraway, Jr., is a resident citizen of Dallas County, Texas, and because she has alleged a cause of action against him and Carraway, Sr., and Harle, that such allegations bring this cause within the meaning of exception 4 of Art. 1995, Vernon's Ann.Civ.St. She further alleged that because Harle is claiming an interest in property described in her petition and is in possession of said property that defendant Harle is a necessary and proper party under exception 4 of Art. 1995, V.A.C.S., and because in her original petition she requests the court to set aside sale of property, if any had been made, to the defendant Harle, and also if said sale is not set aside to have defendant Harle to account to her in full concerning said property. Her controverting affidavit further alleged that the defendants have conspired to deprive her of her rights in certain property described in her verified original petition,

and that if any sale of her property has been made, it is void or voidable and should be set aside, but that each of said defendants should fully account to plaintiff concerning her interest in said property; that in her petition she asked the court to set aside its judgment entered on May 5, 1955, in which property all defendants claim an interest; that Carraway, Sr., and Harle are proper and necessary parties under said allegations and come within the provisions of exceptions 4 and 29a of Art. 1995, R.C.S., and further alleged that the property in question belonged to the community estate of her and her former husband Carraway, Jr.

■ Going back to appellants' first point, which is, "in order to sustain venue in Dallas County, it was incumbent upon plaintiff to allege a cause of action against all of the defendants and to prove the allegations of her petition to the extent of showing a bona fide cause of action against Robert H. Carraway, Jr., the resident defendant." We think the foregoing is a correct statement of the law and we believe that the appellee has met this burden. See Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300 (Com.App., opinion adopted); Templeton v. Wolverton, Tex.Civ.App., 168 S.W.2d 948 (no writ history). See also last expression of Supreme Court in Ladner v. Reliance Corp., Tex., 293 S.W.2d 758, points 2–3, p. 763. (However, we think we should add that we are of the further view that the evidence tendered is also sufficient on plea of privilege hearing to support a prima facie cause of action against the appellants, and we have refrained from further discussion of the testimony for the reason that it might prejudice the trial of the cause on its merits.)

Appellee went to trial on her original petition, and attached to this original petition as Exhibit "A" is Carraway, Jr.'s first amended original petition on which he went to trial in the divorce suit. Exhibit "B", which was copy of her answer and cross

action in the divorce suit; and Exhibit "C", which was copy of judgment entered in the divorce suit. In this cause both appellants went to trial on their pleas of privilege and neither appellant filed any exceptions to appellee's original petition, nor did either appellant file any motion asserting that there was a misjoinder of parties or causes of action, nor that they were not necessary parties in a bill of review action. (In the absence of special exceptions to the petition or the controverting affidavits, each will be liberally construed in the pleader's favor.) See Scott v. Gardner, 137 Tex. 628, 156 S.W.2d 513, points 1 and 2, 141 A.L.R. 50. See also Ladner v. Reliance Corporation, supra.

Going back to appellee's pleading, we find that she did specifically allege that Carraway, Jr., perpetrated a fraud upon her in getting her to agree to a division of the community property, and the evidence tendered is sufficient to sustain such allegation on the plea of privilege against Carraway, Jr., who was a resident defendant of Dallas County. With reference to defendant Carraway, Sr., she alleged "that the defendant Robert H. Carraway, Jr., and the defendant R. H. Carraway, acting in conspiracy, had caused to be entered of record a bill of sale of said property which was filed of record with the County Clerk of Wood County, Texas. That she used all the diligence at her command to ascertain the community estate of plaintiff and defendant Robert H. Carraway, Jr., but that the fraudulent acts, representations and conspiracy of the defendants Robert H. Carraway, Jr., and R. H. Carraway prevented this plaintiff from receiving a proper settlement and partition of the community estate of the plaintiff and defendant Robert H. Carraway, Jr." She further alleged in connection therewith that her husband and his father Carraway, Sr., "perpetrated a fraud not only on this plaintiff but on this Honorable Court in telling the Court that the community interest of the plaintiff and the defendant in the assets of the Wood County Record,

Wood County Publishing Company, and Mineola Monitor had been sold to R. H. Carraway, Sr., and the only assets the community estate of plaintiff and defendant concerning said property was a note executed by Robert Henry Carraway dated July 16, 1953." With reference to defendant Harle she alleged that "defendant S. Neil Harle claims to have purchased the property described in Paragraph VI of this petition. That the person who sought to transfer title to said property had no authority to convey said property and that the defendant S. Neil Harle was so advised prior to his alleged purchase. That the defendants, Robert H. Carraway, Jr., R. H. Carraway and S. Neil Harle, have conspired to defraud this plaintiff of her rightful interest in and to said property and that said sale, if any has been made, should be set aside and held for naught because said sale was void or voidable. Plaintiff asks the court to order the defendants to render to her a full accounting concerning said property." Absent exception, under the authorities above cited, it is our view that appellee's pleadings on which she went to trial and her controverting affidavit are sufficient to sustain allegations of conspiracy therein contained and extrinsic fraud under the pronouncements in Brownson v. New, Tex.Civ.App., 259 S.W.2d 277 (writ dis.) and authorities there cited.

As a reviewing court, it is our duty to consider the evidence and the inferences properly to be drawn therefrom in the light most favorable to the party obtaining the verdict, and it is our duty in considering controverted issues of fact to accept as true that testimony which tends to support the verdict. 3-B Tex.Jur. pp. 370 and 372. (This general rule also applies to cases tried without the aid of a jury.) There is another general rule to the effect that "the rule is well settled that the judgment of a trial court will not be set aside if there is any evidence of a probative nature to support it and that a court of civil appeals cannot substitute its findings of

fact for those of the trial court if there is any evidence in the record to sustain the trial court's findings." See Cavanaugh v. Davis, 149 Tex. 573, 235 S.W.2d 972, 977; Woodward v. Ortiz, 150 Tex. 75, 237 S.W.2d 286. See also cases collated under 4 Tex.Dig. Appeal & Error, ☞ 1010(1). See also Burrus Mills v. Phillips, Tex.Civ. App., 260 S.W.2d 427, 430 (no writ history).

We are of the further view that appellants' fourth point, which is that "the petition does not show a sufficient excuse for not moving for a new trial during the term that the judgment was rendered in Cause No. 101,657" is not available to appellants absent exceptions pointing out such failure. See Scott v. Gardner, supra, and Ladner v. Reliance Corp., supra. Moreover, we are of the further view that such point goes to the merits of the cause and cannot be reached on hearing of plea of privilege.

We have considered each of the other points assigned and each is overruled.

Accordingly, the judgment of the trial court is affirmed.