# AMERICAN SAMOA GOVERNMENT, Plaintiff

## v.

# SWAIN MELEISEA, Defendant

High Court of American Samoa
Trial Division

CR No. 11-93

April 30, 1993

Before KRUSE, Chief Justice, MAILO, Associate Judge, and BETHAM, Associate Judge.

Counsel: For Plaintiff, Donald M. Sheehan, Assistant Attorney General
For Defendant, Robert A. Dennison III

Defendant Swain Meleisea brought several pre-trial motions.

*A. On Motion for Severance*

Defendant seeks a separate trial. He asserts that if this is not done, he will be denied his constitutional right to cross-examine the other defendants, whose written statements will be introduced into evidence. He also claims that at least one other defendant is willing to testify in his favor if severance is granted. If it is not, the witness/defendant will presumably exercise his Fifth Amendment right against self-incrimination, thus denying Meleisea the benefit of this testimony.

We note at the outset that the decision to sever properly joined defendants (and all parties have agreed that defendants were properly joined, per T.C.R.Cr.P. 8(b)) is made at the sound discretion of the trial court. *See, e.g., United States v. Lane*, 474 U.S. 438, 449, n.12 (1986). The United States Supreme Court has stated that a

> court should grant a severance under Rule 14 [the equivalent of T.C.R.Cr.P. 14] only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.

*Zafiro v. United States*, 61 U.S.L.W. 4147, 4148 (U.S. Jan. 26, 1993) (No. 91-6824).

We note that "[t]he 'great mass' of cases refuse to grant a severance despite the anticipated exculpatory testimony of a co-defendant." *United States v. Gay*, 567 F.2d 916, 919 (9th Cir. 1978). And we are not persuaded by the defendant's attorney's bare statement that such a witness exists and will testify. Greater specificity should be provided in order for us to consider a severance on these grounds.

The defendant's *Bruton* concerns are a little more troubling. Fortunately, our decision to separate defendants Meleisea, Suiaunoa and Tagaloa from the other defendants eases our apprehensions at the possibility of conforming to the guidelines established by *Bruton* and its progeny. With only two other codefendants, solutions such as redaction become much more tenable.

Taking into account all of the above considerations, the court agrees to spare the defendant the possible burden of being tried together

with eight other defendants. Instead, as stated previously, he will be tried only with Tupuola Tagaloa and Masefau Suiaunoa. This strikes us as a reasonable balance between the rights of the defendants and the efficient execution of justice.

The Motion for Severance is, therefore, GRANTED, on the conditions stated above.

*B. On Motion for Bill of Particulars*

Defendant claims that the information filed by the government is lacking sufficient detail to enable him to properly prepare for trial. He asks for additional information establishing the elements of the charges brought against him, namely criminally negligent homicide and tampering with physical evidence. We do not find that the information provided by the government to be so wanting as to require such a bill of particulars.

So long as the defendant has enough information to "adequately prepare for his defense, to avoid surprise at trial and to protect against him against a second prosecution for an inadequately described offense," *United States v. Addonizio*, 451 F.2d 49, 63 (3d Cir. 1972), a bill of particulars is not required. The defendant is required to look at all of the sources provided by the government, not simply the information formally charging him with the crime. *See* 1 C. Wright, Federal Practice and Procedure § 129, at 437 (1982). We are satisfied that the government has provided sufficient specificity to make the defendant aware of the charges and to allow him to prepare for his defense. "Bills of particulars are not to be used as a discovery tool by the defendant," *U.S. v. LBS Bank-New York, Inc.*, 757 F. Supp. 496, 507 (E.D. Pa. 1990); to allow the defendant his motion would be to sanction just such a procedure.

The Motion for Bill of Particulars is, therefore, DENIED.

*C. On Motion to Suppress*

Defendant also moves to suppress the written statement provided to a Special Investigator of the Department of Public Safety. He contends that the statement was made while he was in a custodial situation, as "the target of police investigation," and that the failure to provide him with his "Miranda rights" at that time prevents the admission of the statement. He also asserts that this statement was given only upon assurance that it would not be used against him.

34

We are not persuaded, however, that the defendant, a police officer himself, was in a custodial situation at the time the statement was made. Nor do we find any indication that the statement was less than fully voluntary. The Special Investigator testified that the defendant was not the "target" of the investigation when Fealofa'i provided his written statement, only hours after the alleged incident occurred. To the contrary, the Special Investigator merely wanted to find out "what had happened," in general terms, and did not question the defendant with an eye towards confirming any pre-existing theory as to what had occurred. The defendant was not arrested after giving his statement.

While it is true that the statements were given at the Tafuna Police Substation, this was the defendant's place of employment, a familiar and non-threatening environment. The defendant was on duty at the time the statement was made. The Special Investigator was not wearing any sort of uniform which might intimidate the defendant, nor was it certain that he even outranked the defendant. There was no indication that defendant was not free to leave (save, perhaps, that he was still on duty) or that he was compelled to provide the written statement. In short, there was no evidence that the defendant was in a custodial situation at any time or that a coercive atmosphere existed, when he provided his written statement.

As for the defendant's assertion that this statement was elicited only after assurances that it would not be used against him, we are not convinced that such a promise was given. The Special Investigator testified at the hearing that such a promise was not, in fact, given. The bare, self-interested assertion of the defendant leaves us unimpressed.

The Motion to Suppress the Written Statement of the Defendant is, therefore, DENIED.

### D. On Motion to Quash or Dismiss Information

The defendant's final motion seeks to quash or dismiss the information for two distinct reasons. First, he maintains that the information fails to state with sufficient specificity the "essential facts constituting the offense charged" per T.C.R.Cr.P. Rule 7(c)(1). He additionally fears that such lack of specificity could lead to subsequent prosecution for the same alleged offense. We note simply that the entire record, and not simply the information or indictment, is scrutinized in a double-jeopardy challenge; by the same token, the defendant is required to look to all the information supplied by the government, regardless of

35

the form in which it is provided, in preparing for his defense. We believe that the record does contain sufficient detail to make the defendant aware of the nature of the charges being brought and to allow him to adequately prepare for his defense.

The defendant, however, raises another issue. He contends that the warrant for his arrest was issued in contravention of A.S.C.A. § 46.0804, as it was signed by the district court judge and not, as the statute provides, by the Chief Justice, the Associate Justice, or an assistant judge. While he admits that T.C.R.Cr.P. Rule 4(c)(1) authorizes the district court judge to issue arrest warrants, he correctly states that these administrative rules of procedure do not "trump" statutory declarations. He therefore asserts that, his arrest being invalid, the information should be quashed. We disagree.

The Supreme Court has established that even an arrest warrant which is violative of the Fourth Amendment does not always negate the validity of the information. "[I]t does not follow that because the arrest was illegal, the information was or became void." *Albrecht v. United States*, 273 U.S. 1, 5 (1926). While we give no opinion as to the validity of a warrant bearing the signature of the district court judge, we note that the infringement of an accused's Fourth Amendment rights seems a more egregious error than that a warrant, issued upon probable cause, was signed on the first, rather than the second, floor of this courthouse.[1]

The Motion to Quash or Dismiss Information is therefore DENIED.

It is so ordered.

---

[1]Under A.S.C.A. § 3.0304, the district court is authorized to issue process. As an arrest warrant is process (*see Ellis v. Glascow*, 168 S.W.2d 946 (Tex. Civ. App. 1943)), it would seem that the district court judge's signature on such a document is authorized by statute.