**AMERICAN SAMOA GOVERNMENT, Plaintiff**

**v.**

**TUPULUA TAGALOA, Defendant**

High Court of American Samoa
Trial Division

CR No. 12-93

April 30, 1993

Before KRUSE, Chief Justice, MAILO, Associate Judge, and BETHAM, Associate Judge.

Counsel: For Plaintiff, Donald M. Sheehan, Assistant Attorney General
For Defendant, John L. Ward II

Defendant Tupulua Tagaloa brought two pre-trial motions.

*A. On Motion for Relief From Prejudicial Joinder*

Defendant seeks a separate trial. He asserts that the jury will be unable to distinguish or compartmentalize the evidence against each defendant. He is also concerned that the charges being brought against two of the other defendants are more serious than those being brought against him, creating a situation where he might be found guilty by association.

While we do not make a decision on the merit of these arguments or the ability of proper jury instructions to adequately address these concerns, our decision to grant a limited severance should assuage the defendant's fears. Utilizing the sound discretion which informs the decision to sever co-defendants under T.C.R.Cr.P. Rule 14, we order

that defendant Tupulua Tagaloa shall be tried with Swain Meleisea and Masefau Suiaunoa.

The Motion for Relief From Prejudicial Joinder is therefore GRANTED, on the conditions stated above.

### B. On Motion to Quash Arrest Warrant and Dismiss Information

The defendant contends that the warrant for his arrest was issued in contravention of A.S.C.A. § 46.0801 *et seq.*, as it was signed by the district court judge and not, as the statute implies, by the Chief Justice, the Associate Justice, or an assistant judge. While he admits that T.C.R.Cr.P. Rule 4(c)(1) authorizes the district court judge to issue arrest warrants, he correctly states that these administrative rules of procedure do not "trump" statutory declarations. He therefore asserts that, his arrest being invalid, the information should be quashed. We disagree.

The Supreme Court has established that even an arrest warrant which is violative of the Fourth Amendment does not always negate the validity of the information. "[I]t does not follow that because the arrest was illegal, the information was or became void." *Albrecht v. United States*, 273 U.S. 1, 5 (1926). While we give no opinion as to the validity of a warrant bearing the signature of the district court judge, we note that the infringement of an accused's Fourth Amendment rights seems a more egregious error than that a warrant, issued upon probable cause, was signed on the first, rather than the second, floor of this courthouse.[1]

The Motion to Quash Arrest and Dismiss Information is, therefore, DENIED.

It is so ordered.

---

[1]Under A.S.C.A. § 3.0304, the district court is authorized to issue process. As an arrest warrant is process (*see Ellis v. Glascow*, 168 S.W.2d 946 (Tex. Civ. App. 1943)), it would seem that the district court judge's signature on such a document is authorized by statute.