## JUAN RENDON V. THE STATE.

No. 22538. Delivered June 16, 1943.

The opinion states the case.

*Jno. T. Spann, of San Antonio,* for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a fine of $250.00. It is alleged by complaint that appellant unlawfully opposed and resisted an officer in arresting another party for an offense constituting a misdemeanor.

The trial was to the court without a jury and the undisputed evidence shows that appellant was present with a great many others, most of whom were Mexicans, to witness the induction of one hundred thirty of their number into the service by the local draft board. The sheriff and his deputy were called to assist. A large number of the crowd were drinking tequila, aguadiente, and beer. One of the inductees became so boisterous that it was considered necessary to take him off a bus and put him in jail. The crowd resented the conduct of the sheriff and his deputy and began throwing missiles at them, some even attempting to extricate the prisoner. Appellant was identified as the one who threw a rock "about half the size of a cuspidor" at the sheriff and his deputy. One witness, identifying appellant as the party taking part in the affair, said: "I did not know the man's name,

but that defendant sitting by you (addressing the County Attorney), was present and wore an overseas cap, threw one of the rocks. I was standing some ten or twelve feet from him and I know he is the man. He was the only one there who had an overseas cap."

Another said: "I did not actually see the rock in the defendant's hand, but I saw his arm go over as if he were throwing a ball, and I saw a rock half as big as a cuspidor right in front of it, going toward the officers. Rendon threw the rock. The defendant there is the man I saw on Wednesday, March 3rd, at the draft office. He was wearing an overseas cap. But the defendant is the same man."

The record is before us without bills of exception and counsel attempts to raise questions about the admissibility of evidence by presenting assignments of error. So repeatedly have we called attention to the fact that assignments of error have no force to present a question in the appeal of a criminal case that it is not considered again necessary to refer to the statute. The only question for us to consider is the sufficiency of the evidence. The foregoing quotations amply support the court's finding and justify the punishment assessed.

The judgment of the trial court is affirmed.