525 S.W.2d 189 (1975)
Jackie WASHINGTON, Appellant,
v.
The STATE of Texas, Appellee.
No. 50235.
Court of Criminal Appeals of Texas.
July 23, 1975.
Paul J. Chitwood, Dallas, for appellant.
Henry Wade, Dist. Atty., Maridell J. Templeton, Dan D. Pitzer, John R. Roach, Dallas, Jim D. Vollers, State's Atty and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION
GREEN, Commissioner.
In a trial before a jury, appellant was convicted of resisting arrest. See V.T.C.A., Penal Code, Sec. 38.03. Punishment was assessed at 30 days in jail and a fine of $200.00.
Appellant, in her sole ground of error, contends that the evidence is insufficient to prove that she used any force against the arresting officers to prevent or obstruct them from effecting her arrest.
The record reflects that this offense occurred January 31, 1974, after the effective date of the Penal Code enacted in 1973. The section of said Code under the terms of which this case was prosecuted reads:
"Section 38.03. Resisting Arrest or Search
"(a) A person commits an offense if he intentionally prevents or obstructs a person he knows is a peace officer or a person acting in a peace officer's presence and at his direction from effecting an arrest or search of the actor or another by using force against the peace officer or another.
"(b) It is defense to prosecution under this section that the arrest or search was unlawful.
"(c) Except as provided in Subsection (d) of this section, an offense under this section is a Class A misdemeanor.

*190 "(d) An offense under this section is a felony of the trial degree if the actor uses a deadly weapon to resist the arrest or search."
As stated in the commentary of Hon. Seth S. Searcy, III, and Hon. James R. Patterson following this section in V.T.C.A. Penal Code,
"This section replaces Penal Code arts. 338, 339 and 341, which prohibited opposing or resisting execution of a warrant of arrest, and is expanded to cover warrantless arrests and searches as well.
"The section applies only to resistance by the use of force. One who runs away or makes an effort to shake off the officer's detaining grip may be guilty of evading arrest under Section 38.04, but he is not responsible under this section. Unlike prior law, this section covers an arrest or search with and without warrant.
"As under prior law the actor must know the person he is resisting is a peace officer, or someone working with a peace officer, Granado v. State, [161 Tex.Cr.R. 128], 275 S.W.2d 680 (1955); Fulkerson v. State [43 Tex.Cr.R. 587], 67 S.W. 502 (1902)."
It is appellant's contention that the testimony of the arresting officers showed at most the crime of evading arrest as established by Section 38.04, V.T.C.A., Penal Code, and reading as follows:
"Section 38.04. Evading Arrest
"(a) A person commits an offense if he intentionally flees from a person he knows is a peace officer attempting to arrest him.
"(b) It is an exception to the application of this section that the attempted arrest is unlawful.
"(c) An offense under this section is a Class B misdemeanor."
The record reflects that at about 9:00 or 9:30 P.M., January 31, 1974, Officers Bates and Snead of the Dallas Police Department, while dressed in their police uniforms, had occasion to arrest appellant on a street in Dallas while she was cursing and abusing them and inciting a group of persons to create a riot. They had informed her that they were policemen, and had done what they could to quiet her and get her to leave. She was a large woman, weighing about 240 pounds. The record reflects that Bates, in describing the arrest, stated in answer to questions as follows:
"Q What did Officer Snead do after he had told the Defendant that she was to be placed under arrest for disorderly conduct?
"A About the same time that I took ahold of her arm, Officer Snead was trying to get her to place a handcuff on her.
"Q Was he successful in placing one handcuff on the wrist?
"A Yes, one handcuff was placed on her wrist.
"Q After that handcuff was placed on her wrist, what did she do then?
"A She dragged both of us to her apartment door.
* * * * * *
"Q All right. What kind of force did this woman exert while she was dragging you and Officer Snead that eight to ten feet?
"A Pretty strong, neither of us could hold her."
Bates testified that it was necessary to call in an additional cover squad, saying:
"He (Snead) had a walkie talkie and when he saw that it wasthat we weren't going to be able to get her away from there, he called for an additional squad.
* * * * * *
"... Did the defendant continue to struggle with both of you from the time the cover was called until the time it arrived?
"Yes."
The testimony of Officer Snead likewise supported the contention of the State that *191 appellant used force to "Obstruct a person [s]he knows is a peace officer ... from effecting an arrest ..." See V.T.C.A., Penal Code, Sec. 38.03. See also Granado v. State, 161 Tex.Cr.R. 128, 275 S.W.2d 680; Rendon v. State, 146 Tex.Cr.R. 163, 172 S.W.2d 343 (1925 Code cases involving, however, a similar contention concerning force in resisting arrest).
We conclude that the evidence sufficiently supports the conviction of appellant of resisting arrest under the provisions of V.T. C.A., Penal Code, Sec. 38.03, Supra.
The judgment is affirmed.
Opinion approved by the Court.