Larry Dean RAYMOND, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–81–00153–CR.

Court of Appeals of Texas,
El Paso.

June 23, 1982.
Discretionary Review Refused
Oct. 6, 1982.

Kerry P. Fitzgerald, Dallas, for appellant.

Henry Wade, Criminal Dist. Atty., Dallas, Stanley Keeton, Richard Aguire, Luther C. Laman, Asst. Dist. Attys., for appellee.

Before WARD, OSBORN and SHULTE, JJ.

OPINION

OSBORN, Justice.

Appellant was tried under a complaint and information for the misdemeanor offense of resisting arrest, alleged to have occurred on November 10, 1978. The first trial ended with a hung jury. The second trial resulted in a guilty verdict. Punishment was assessed at thirty days confinement, probated for twelve months, and a fine of $200.00. We reverse and render.

Appellant's Ground of Error No. One asserts that the evidence was insufficient to support a conviction. He contends that there was no evidence of force directed at the arresting officer, an essential element of the offense. Tex.Penal Code, Section 38.03(a). Appellate review of such a contention requires that the evidence be examined in a light most favorable to the verdict. *Ahearn v. State,* 588 S.W.2d 327, 336 (Tex. Cr.App.1979).

The complainant, Chief of Police Mike Thornhill, testified that on November 9, 1978, he observed the Appellant commit several driving violations. On November 10, 1978, he drove to Appellant's home with Officer Mike Dupree. They arrived in a marked patrol vehicle. Dupree was in full police uniform; Thornhill had his badge pinned to his civilian shirt. Thornhill advised Appellant of the citations and asked him to sign them. Appellant denied any knowledge of the matters and walked away. Thornhill followed the Appellant, still seeking signatures. He had no intent to arrest at that point.

Appellant crawled under his vehicle, apparently to work on it. Thornhill asked him to come out, and Appellant refused. Thornhill began to pull on Appellant's leg. At first, Thornhill testified that Appellant kicked his hand away. He later repudiated the kicking allegation. Appellant then emerged from under the vehicle. Thornhill still had no intent to arrest Appellant, but continued asking for signatures on the citations. Appellant continued to deny knowledge of the traffic violations and refused to sign. Thornhill ordered Appellant to turn

around, advising him that he was under arrest. He grabbed Appellant's right arm. Appellant pulled his arm out of Thornhill's grasp. This grabbing and jerking away sequence took place a second time. Appellant then submitted to arrest and handcuffing.

The testimony of Officer Dupree was identical to that of Thornhill, particularly as to the description of Appellant pulling his arm away. For that matter, Appellant's own version of the actual physical confrontation is consistent with the officers' testimony. The only question on appeal is whether the act of pulling his arm out of Officer Thornhill's grasp constituted "using force against the peace officer." We conclude that it does not.

The very language of Section 38.03 indicates that the required force must be directed at the officer or applied to him. Appellant appropriately points to the Practice Commentary to Section 38.03:

One who runs away or makes an effort to shake off the officer's detaining grip may be guilty of evading arrest under Section 38.04, but he is not responsible under this section.

The Practice Commentary has been cited by the Court of Criminal Appeals with apparent approval. *Sutton v. State,* 548 S.W.2d 697, 700 (Tex.Cr.App.1977); *Washington v. State,* 525 S.W.2d 189, 190 (Tex.Cr.App. 1975).

In *Sutton,* the appellant was convicted of aggravated assault on a police officer. The appellate court reversed for failure to charge the jury on the lesser included offense of resisting arrest. It was undisputed that the appellant struck the arresting officer in the face with his arm, causing a gash.

In *Washington,* two arresting officers attempted to handcuff a 240-pound woman. She not only tried to break their grasp, but once partially handcuffed, dragged both officers a distance of ten feet. The court held that there was sufficient evidence to sustain a conviction for resisting arrest. Dragging the officers by the handcuffs constituted force directed against them and went beyond a simple effort to disengage. *Id.* at 190.

In *Humphreys v. State,* 565 S.W.2d 59, 61 (Tex.Cr.App.1978), the court upheld a conviction where the appellant dislodged the arresting officer's arm by striking it. He followed that action with repeated blows which the officer blocked with his arms.

Striking an arresting officer's arm away constitutes force directed against the officer. This is distinctly different from the direction of force employed in simply pulling one's arm away. There is no danger of injury to the officer in the latter action.

The elements of violence and danger to the officer are further reflected in the differing statutory requirements. Where violence *toward* the officer is present, Section 38.03 applies, and it is no defense that the arrest was unlawful. Section 38.03(b). If a deadly weapon is used, the offense is elevated to a third degree felony. Section 38.-03(d). If bodily injury results, the actor may be charged with aggravated assault under Section 22.02. Where violent force is not directed at the arresting officer, the circumstances are not exigent. The actor may be charged with evading arrest under Section 38.04. Under these circumstances, however, the arrest must be lawful.

Appellant's action in twice pulling his arm away did not constitute force against the peace officer. There being no other evidence upon which the jury could base its verdict, the conviction must be reversed and a judgment of not guilty rendered. Ground of Error No. One is sustained. This ruling eliminates the need to address Appellant's Ground of Error No. Two.

The conviction is reversed and the case is remanded for the entry of a judgment of not guilty.