IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-078-CR





ANASTACIO SANCHEZ,



 APPELLANT



vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE COUNTY COURT AT LAW NO. 5 OF TRAVIS COUNTY



NO. 374,323, HONORABLE WILFRED AGUILAR, JUDGE PRESIDING



 





 After the jury found appellant guilty of the misdemeanor offense of resisting search,
Tex. Penal Code Ann. § 38.03 (West 1989 & Supp. 1994), the court assessed punishment at
confinement for twenty days. Appellant asserts two points of error, contending that the trial court
erred in: (1) finding the evidence sufficient to support the conviction; and (2) denying appellant's
requested jury instructions. We will reverse the trial court's judgment and reform to reflect an
acquittal.

 A person commits an offense if he "intentionally prevents or obstructs a person he
knows is a peace officer or a person acting in a peace officer's presence and at his direction from
effecting an arrest, search or transportation of the actor or another by using force against the peace
officer or another." Section 38.03(a). Appellant contends that the evidence is insufficient to
support the conviction because no evidence was presented to support the element of the offense
that requires that the accused used force against the peace officer. In reviewing the sufficiency
of the evidence we must determine whether, viewing the evidence in the light most favorable to
the conviction, any rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Casillas v. State, 733
S.W.2d 158, 160 (Tex. Crim. App. 1986), appeal dismissed, 484 U.S. 918 (1987).

 Austin Police Officer Jeff Crawford testified that on May 2, 1992, he received a
radio dispatch to investigate a disturbance between a male and a female at an apartment on
Mission Hill. Crawford stated that as he started to approach the apartment on foot, "the door
came open and Mr. Sanchez [appellant] came walking out." Crawford described appellant as
looking "like he was still kind of upset or angry at something." When appellant continued to walk
away after the officer told him that he needed to talk to him, Crawford described the events that
ensued as follows: "I grabbed his [appellant's] arm, he jerked his arm away--I started patting him
down--and when I was holding on to his arm--he jerked his arm away from me again causing me
to lose my grip." Crawford related that he wanted to be sure that appellant did not have any
weapons on him, because "every time I have been assaulted, except for one, it has occurred at
family disturbances."

 In Raymond v. State, 640 S.W.2d 678 (Tex. App.--El Paso 1982, pet. ref'd), cited
by appellant, the court found the evidence insufficient to support the conviction under virtually
the same facts as in the instant cause. Upon learning that the defendant Raymond had a number
of outstanding traffic citations, the officer drove to the defendant's home and asked the defendant
to sign the citations. The defendant refused and crawled under his car. Subsequently, the
defendant emerged from under the vehicle, but continued to refuse to sign the citations. After
advising the defendant that he was under arrest, the officer grabbed the defendant's arm and the
defendant pulled his arm out of the officer's grasp. The grabbing of the arm by the officer and
jerking away by the defendant took place a second time before the defendant submitted to arrest. 
The Raymond court held that the defendant's twice pulling his arm away did not constitute the
requisite element of force against the peace officer. Raymond, 640 S.W.2d at 679. The Raymond
court stated:



The very language of Section 38.03 indicates that the required force must be
directed at the officer or applied to him. Appellant appropriately points to the
Practice Commentary to Section 38.03:


One who runs away or makes an effort to shake off the officer's
detaining grip may be guilty of evading arrest under Section 38.04, (1)
but he is not responsible under this section.


The Practice Commentary has been cited by the Court of Criminal Appeals with
apparent approval. Sutton v. State, 548 S.W.2d 697, 700 (Tex. Cr. App. 1977);
Washington v. State, 525 S.W.2d 189, 190 (Tex. Cr. App. 1975).



Id. We find Washington v. State, 525 S.W.2d 189 (Tex. Crim. App. 1975), cited by the State,
distinguishable from the instant cause. In Washington, the defendant, after being arrested and
handcuffed for disorderly conduct, dragged two officers eight to ten feet. In addition, defendant
continued to struggle with both officers "from the time the cover [other officers] was called until
the time it arrived[.]" The Washington court rejected defendant's claim that the testimony of the
officers showed no more than evading arrest, and held the evidence sufficient to show the requisite
element of use of force against the officer. Id. at 191.

 In the instant cause, we hold that appellant's twice jerking his arm away from the
officer's grasp did not constitute force against the officer. Appellant's first point of error is
sustained. Our disposition of this point of error renders it unnecessary to address his remaining
point of error.

 The conviction is reversed and reformed to reflect an acquittal.



 

 Tom G. Davis, Justice

Before Justices Powers, Kidd and Davis*

Reversed and Reformed

Filed: April 27, 1994

Do Not Publish






































* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1.   A person commits the offense of evading arrest if "he intentionally flees from a person
he knows is a peace officer attempting to arrest him or detain him for the purpose of
questioning or investigating possible criminal activity." Texas Penal Code Ann. § 38.04(a)
(West Supp. 1994).