**Earl THOMPSON, III, Appellant,**

v.

**The STATE of Texas.**

**No. 1607–98.**

Court of Criminal Appeals of Texas, En Banc.

March 10, 1999.

Bruce W. Cobb, Beaumont, for appellant.

Waying G. Thompson, Asst., Dist. Atty., Beaumont, Matthew Paul, State's Atty., Austin, for the State.

Appellant's Petition for Discretionary Review Refused.

KELLER, J., delivered a dissenting opinion in which MEYERS, J. joined.

In the present case, appellant was charged with and convicted of resisting transportation under Texas Penal Code § 38.03. Appellant contends that the evidence is legally insufficient to support his conviction. Viewed in the light most favorable to the verdict, *see Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the evidence shows that appellant resisted a peace officer's attempt to move him by standing his ground.

I would grant appellant's petition for several reasons. First, there appears to be a conflict among the courts of appeals concerning what conduct constitutes the use of force in resisting an arrest, search, or transporta-

tion under Texas Penal Code § 38.03. *See Bryant v. State*, 923 S.W.2d 199, 206 (Tex. App.—Waco 1996) (disagreeing with *Raymond v. State*, 640 S.W.2d 678 (Tex.App.—El Paso 1982, pet ref'd) and *Leos v. State*, 880 S.W.2d 180 (Tex.App.—Corpus Christi 1994, no pet.)); Tex.R.App.P. 66.3(a).

Second, the Court of Appeals has decided a question of state law that has not been, but should be, settled by this Court. *See* Tex .R.App.P. 66.3(b). We have never addressed whether "using force against [a] peace officer" includes merely standing one's ground when an officer forcibly attempts to effectuate an arrest, search or transportation. *See* Texas Penal Code § 38.03(a). The case from this Court that comes closest to resembling the fact situation before us is *Washington v. State*, 525 S.W.2d 189 (Tex. Crim.App.1975), in which we found that dragging a peace officer in an attempt to escape constituted the use of force against the officer. *Id.* at 190–191. The present case involves a fact situation significantly different from what we have addressed before.

Third, the Court of Appeals appears to have misconstrued a statute, namely Texas Penal Code § 38.03. *See* Tex.R.App.P. 66.3(d). The resisting arrest, search, or transportation statute provides in relevant part:

A person commits an offense if he intentionally prevents or obstructs a person he knows is a peace officer or a person acting in a peace officer's presence and at his direction from effecting an arrest, search, or transportation of the actor or another *by using force against the peace officer* or another.

§ 38.03(a) (emphasis added). Under the Court of Appeals' interpretation, it would appear that an accused "uses force against a peace officer" even though the accused's action merely consists of refusing to yield to a *peace officer's use of force against the accused.* That interpretation seems questionable, and in my mind, appears to confuse which actor is actually using force. I am skeptical of the proposition that the mere resistance to force necessarily constitutes the actual use of force. The practice commentary to § 38.03, which we quoted in *Washing-*

*ton,* appears to require more: "The section applies only to resistance by the use of force. One who runs away or makes an effort to shake off the officer's detaining grip may be guilty of evading arrest under § 38.04, but he is not responsible under this section." *Washington,* 525 S.W.2d at 190 (quoting practice commentary).

Finally, the Court of Appeals opinion appears to have so far departed from the accepted and usual course of judicial proceedings as to call for an exercise of this Court's supervision. *See* Tex.R.App.P. 66(f). In its opinion, the Court of Appeals appears to arrive at its holding through a contradiction:

Here, Officer Denton's testimony reflects Thompson *did more than pull his arm away* [distinguishing *Raymond* ]. Denton testified that he had to forcibly place Thompson on the back of the car to handcuff him and had to forcibly pull Thompson to the car to transport him. In order for Denton to have to exert force on Thompson to make him move, Thompson had to have been exerting force against Denton— *even if those exertions amounted only to digging in his heels and refusing to move.*

*Thompson v. State,* No. 09–96–022CR, slip op at 5, 1998 WL 428862 (Tex.App.—Beaumont, June 29, 1998) (unpublished) (emphasis supplied; deleted Court of Appeals' emphasis on "against"). The Court of Appeals contends that appellant did more than "pull his arm away" but acknowledges several sentences later that appellant actually did less than pull his arm away—appellant simply maintained his position.

For these reasons, I would grant review of the Court of Appeals' decision in this case. Because the majority chooses not to do so, I must dissent.

Appellant's Petition for Discretionary Review Refused.