Brad Arlin GARY, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–05–00036–CR.

Court of Appeals of Texas,
Waco.

May 24, 2006.

Barry S. Green, Decatur, for appellant.

Jana A. Jones, Wise County Dist. Atty., Decatur, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

### OPINION

BILL VANCE, Justice.

Appellant Brad Arlin Gary appeals his conviction of resisting arrest. We will affirm the judgment.

### Background

On January 28, 2004, the Jacksboro Police Department received a call complain-

ing about two people arguing around North 8th Street. Officer Brian Cassaday was dispatched and located the two people described in the complaint, Appellant Gary, who had a pit bull on a chain, and Valerie Koontz. When he approached the couple, Cassaday, who was in full uniform and in a marked police car, did not intend to arrest them. He asked them to stop. Both individuals ran. Koontz obeyed the second order to stop but Gary continued to run with the dog.

Gary ran around two houses but returned to Cassaday within minutes and obeyed the officer's orders to sit down. Gary continued to hold the dog on its chain. Cassaday described the dog as having a vicious demeanor and lunging at him. He also stated that the chain was tight and the dog was on his hind legs growling, snarling, and barking at him.

The officer sprayed the dog with pepper spray and then instructed Gary to tie the dog to a nearby fence. Gary, appearing to comply, stood and moved towards the fence. As he walked to the fence, the dog continued its aggressive behavior towards Cassaday. At the fence, Gary released the dog which ran towards the officer. Gary fled in the opposite direction. Cassaday again pepper-sprayed the dog, and it ran away. The dog did not touch, bite, or injure the officer.

On appeal, Gary complains in a single issue that the evidence is insufficient to support the conviction because the State failed to allege and failed to prove that he used force against the officer.

### Allegation of Force

Although Gary's issue complains of sufficiency of the evidence, he complains of two other aspects of the case that we will briefly address as "subsidiary questions." TEX.R.APP. P. 38.1(e).

■ Gary first argues that the indictment failed to allege that he used force against the arresting officer. A defendant must object to a defect in form or substance in the indictment before trial or he waives the right to object on appeal. TEX. CODE CRIM. PROC. ANN. art. 1.14(b) (Vernon 2005). The record does not show that he objected to the indictment. Gary thus waived his right to complain that the indictment inadequately alleged the elements of resisting arrest.

■ Further, Gary argues that the jury charge improperly tracked the language of the indictment. When the defendant fails to object to the charge, we will not reverse for jury-charge error unless the record shows egregious harm to the defendant. *Bluitt v. State*, 137 S.W.3d 51, 53 (Tex. Crim.App.2004). Finding no egregious harm from this record, we will not reverse on this complaint.

### Sufficiency of the Evidence

*Standard of Review*

When reviewing a challenge to the legal sufficiency of the evidence to establish the elements of a penal offense, we must determine whether, after viewing all the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). The standard is the same for both direct and circumstantial evidence cases. *Kutzner v. State*, 994 S.W.2d 180, 184 (Tex. Crim.App.1999).

We do not resolve any conflict of fact or assign credibility to the witnesses, as this was the function of the trier of fact. *See Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim.App.1999); *Adelman v. State*, 828 S.W.2d 418, 421 (Tex.Crim.App.1992); *Matson v. State*, 819 S.W.2d 839, 843 (Tex.

Crim.App.1991). Instead, our duty is to determine if the findings of the trier of fact are rational by viewing all of the evidence admitted at trial in the light most favorable to the verdict. *Adelman*, 828 S.W.2d at 422. In so doing, any inconsistencies in the evidence are resolved in favor of the verdict. *Curry v. State*, 30 S.W.3d 394, 406 (Tex.Crim.App.2000); *Matson*, 819 S.W.2d at 843.

As Gary acknowledges, in reviewing a criminal conviction, sufficiency of the evidence is determined by the elements of the crime as defined by a hypothetically correct jury charge. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex.Crim. App.1997). The correct charge "would be one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*

*Analysis*

A person commits the offense of resisting arrest if he intentionally prevents or obstructs a person he knows is a peace officer from effecting an arrest by using force against the peace officer. TEX. PEN. CODE ANN. § 38.03(a) (Vernon 2003). There is some conflict among the courts of appeals concerning what conduct constitutes the use of force. *Haliburton v. State*, 80 S.W.3d 309, 312 (Tex.App.-Fort Worth 2002, no pet.) (citing *Thompson v. State*, 987 S.W.2d 64, 64–5 (Tex.Crim.App. 1999)). None of the use-of-force cases contain facts similar to those in the present case. We therefore must determine an issue of first impression: whether fleeing and releasing a dog to attack a police officer is sufficient to constitute force within the meaning of § 38.03(a).

Fleeing generally does not involve sufficient force directed at the peace officer to qualify as resisting arrest. *Leos v. State*, 880 S.W.2d 180, 184 (Tex.App.-Corpus Christi 1994, no pet.). However, an action which generally does not rise to the level of resisting arrest can constitute sufficient force in certain situations. *See Raymond v. State*, 640 S.W.2d 678, 679 (Tex.App.-El Paso 1982, pet. ref'd). Courts have made the distinction between actions which endanger an officer (*i.e.* striking an arresting officer's arm) and those actions in which there is no danger of injury to the officer (*i.e.* pulling arm away from officer). *See id.* For example, this Court has held that pulling one's arm in an attempt to shake off an officer's grip can constitute force when an officer is endangered. *Bryant v. State*, 923 S.W.2d 199, 206 (Tex.App.-Waco 1996, pet. denied). Similarly, although courts have held that non-cooperation alone is not sufficient to establish resisting arrest, we have held that physical resistance in addition to threats of imminent bodily harm (*i.e.* producing a gun and saying "get back") establishes use of force against an officer. *Campbell v. State*, 128 S.W.3d 662, 671 (Tex.App.-Waco 2003, no pet.).

The activity of releasing a vicious dog to attack an officer goes beyond simply pulling one's arm away or threatening an officer. This action endangered the officer and was sufficient to qualify as "use of force" within the meaning of the statute. We conclude that, when viewed in the light most favorable to the verdict, the evidence is sufficient to support a conviction for resisting arrest. We overrule the issue.

**Conclusion**

Having overruled Gary's sole issue, we affirm the trial court's judgment.