IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00036-CR

 

Brad Arlin Gary,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 271st District Court

Jack County, Texas

Trial Court No. 4015

 



O p i n i o n



 

Appellant Brad Arlin Gary
appeals his conviction of resisting arrest.  We will affirm the judgment.

Background

      On January 28, 2004, the Jacksboro
Police Department received a call complaining about two people arguing around North 8th Street.  Officer Brian Cassaday was dispatched and located the two people
described in the complaint, Appellant Gary, who had a pit bull on a chain, and Valerie
Koontz.  When he approached the couple, Cassaday, who was in full uniform and
in a marked police car, did not intend to arrest them.  He asked them to stop. 
Both individuals ran.  Koontz obeyed the second order to stop but Gary continued to run with the dog.

      Gary ran around two houses but
returned to Cassaday within minutes and obeyed the officer’s orders to sit
down.  Gary continued to hold the dog on its chain.  Cassaday described the dog
as having a vicious demeanor and lunging at him.  He also stated that the chain
was tight and the dog was on his hind legs growling, snarling, and barking at
him.

The officer sprayed the dog
with pepper spray and then instructed Gary to tie the dog to a nearby fence.  Gary, appearing to comply, stood and moved towards the fence.  As he walked to the fence,
the dog continued its aggressive behavior towards Cassaday.  At the fence, Gary released the dog which ran towards the officer.  Gary fled in the opposite
direction.  Cassaday again pepper-sprayed the dog, and it ran away.  The dog
did not touch, bite, or injure the officer.

On appeal, Gary complains in a single issue that the evidence is insufficient to support the
conviction because the State failed to allege and failed to prove that he used
force against the officer.




Allegation of Force

Although Gary’s issue
complains of sufficiency of the evidence, he complains of two other aspects of
the case that we will briefly address as “subsidiary questions.”  Tex. R. App. P. 38.1(e).

Gary first argues that the indictment
failed to allege that he used force against the arresting officer.  A defendant
must object to a defect in form or substance in the indictment before trial or
he waives the right to object on appeal.  Tex.
Code Crim. Proc. Ann. art. 1.14(b) (Vernon 2005).  The
record does not show that he objected to the indictment.  Gary thus waived his
right to complain that the indictment inadequately alleged the elements of
resisting arrest.

Further, Gary argues that
the jury charge improperly tracked the language of the indictment.  When the
defendant fails to object to the charge, we will not reverse for jury-charge
error unless the record shows egregious harm to the defendant.  Bluitt v.
State, 137 S.W.3d 51, 53 (Tex. Crim. App. 2004).  Finding no egregious harm
from this record, we will not reverse on this complaint.

Sufficiency of the Evidence

      Standard of Review

When reviewing a challenge
to the legal sufficiency of the evidence to establish the elements of a penal
offense, we must determine whether, after viewing all the evidence in the light
most favorable to the verdict, any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt.  See Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979
).  The standard is the same for both direct and circumstantial evidence
cases.  Kutzner v. State, 994 S.W.2d 180, 184 (Tex. Crim. App. 1999).

We do not resolve any
conflict of fact or assign credibility to the witnesses, as this was the
function of the trier of fact.  See Dewberry v. State, 4 S.W.3d 735, 740
(Tex. Crim. App. 1999); Adelman v. State, 828 S.W.2d 418, 421 (Tex.
Crim. App. 1992); Matson v. State, 819 S.W.2d 839, 843 ( Tex. Crim. App.
1991).  Instead, our duty is to determine if the findings of the trier of fact
are rational by viewing all of the evidence admitted at trial in the light most
favorable to the verdict.  Adelman, 828 S.W.2d at 422.  In so doing, any
inconsistencies in the evidence are resolved in favor of the verdict.  Curry
v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000); Matson, 819
S.W.2d at 843.

As Gary acknowledges, in
reviewing a criminal conviction, sufficiency of the evidence is determined by
the elements of the crime as defined by a hypothetically correct jury charge.  See
Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).  The correct
charge “would be one that accurately sets out the law, is authorized by the
indictment, does not unnecessarily increase the State’s burden of proof or
unnecessarily restrict the State’s theories of liability, and adequately
describes the particular offense for which the defendant was tried.”  Id.




Analysis

      A
person commits the offense of resisting arrest if he intentionally prevents or
obstructs a person he knows is a peace officer from effecting an arrest by
using force against the peace officer. 
Tex. Pen. Code Ann. § 38.03(a) (Vernon 2003).  There is some conflict
among the courts of appeals concerning what conduct constitutes the use of
force.  Haliburton v. State, 80 S.W.3d 309, 312 (Tex. App.—Fort Worth
2002, no pet.) (citing Thompson v. State, 987 S.W.2d 64, 64-5 (Tex.
Crim. App. 1999)).  None of the use-of-force cases contain facts similar to
those in the present case.  We therefore must determine an issue of first
impression:  whether fleeing and releasing a dog to attack a police officer is
sufficient to constitute force within the meaning of § 38.03(a).

Fleeing generally does not
involve sufficient force directed at the peace officer to qualify as resisting
arrest.  Leos v. State, 880 S.W.2d 180, 184 (Tex. App.—Corpus Christi
1994, no pet.).  However, an action which generally does not rise to the level
of resisting arrest can constitute sufficient force in certain situations.  See
Raymond v. State, 640 S.W.2d 678, 679 (Tex. App.—El Paso 1982, pet. ref’d). 
Courts have made the distinction between actions which endanger an officer (i.e.
striking an arresting officer’s arm) and those actions in which there is no
danger of injury to the officer (i.e. pulling arm away from officer).  See
id.  For example, this Court has held that pulling one’s arm in an attempt
to shake off an officer’s grip can constitute force when an officer is endangered. 
Bryant
v. State, 923 S.W.2d 199, 206 (Tex. App.—Waco 1996,
pet. denied).  Similarly, although courts have held that
non-cooperation alone is not sufficient to establish resisting arrest, we have
held that physical resistance in addition to threats of imminent bodily harm (i.e.
producing a gun and saying “get back”) establishes use of force against an
officer.  Campbell v. State, 128 S.W.3d 662, 671 (Tex. App.—Waco 2003, no pet.).  

      The activity of releasing a
vicious dog to attack an officer goes beyond simply pulling one’s arm away or
threatening an officer.  This action endangered the officer and was sufficient to
qualify as “use of force” within the meaning of the statute.  We conclude that,
when viewed in the light most favorable to the verdict, the evidence is
sufficient to support a conviction for resisting arrest.  We overrule the issue.

Conclusion

Having overruled Gary’s sole issue, we
affirm the trial court’s judgment.  

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed

Opinion
delivered and filed May 24, 2006

Publish

[CR25]