IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00289-CR

 

Darron Tray Moss,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 82nd District
Court

Falls County, Texas

Trial Court No. 7047

 



MEMORANDUM  Opinion



 








            Darron Tray Moss was
convicted of murder and sentenced to 99 years in prison.  We affirmed Moss’s
conviction in an unpublished opinion.  Moss later filed a motion for DNA
testing, which the trial court denied.  On appeal, Moss challenges the
denial of his motion.  We affirm.

A court may grant DNA testing only if it
finds that: (1) the evidence
 “still exists” in a “condition making DNA testing possible;” (2) the
“chain of custody” establishes that the evidence has not been “substituted,
tampered with, replaced, or altered in any material respect;” and (3) “identity
was or is in issue.”  Tex. Code Crim.
Proc. Ann. art. 64.03(a)(1) (Vernon Supp. 2008).  The defendant must
prove by a preponderance of the evidence that: (1) he would not have been
convicted had testing revealed “exculpatory results;” and (2) his request is
“not made to unreasonably delay the execution of sentence or administration of
justice.”  Id. at art. 64.03(a)(2).

We apply a bifurcated standard of review
to the trial court’s ruling on a motion for DNA testing.  Rivera v. State, 89 S.W.3d 55, 59 (Tex. Crim.
App. 2002).  “[W]e afford almost total deference to a trial court’s
determination of issues of historical fact and application-of-law-to-fact
issues that turn on credibility and demeanor, while we review de novo
other application-of-law-to-fact issues.”  Id.

We first note that Moss takes issue with
the trial court’s decision to rule on his motion without conducting a hearing. 
However, a hearing is not required.  See Whitaker v. State, 160 S.W.3d 5, 8 (Tex. Crim. App. 2004); see also Russell v. State, 170 S.W.3d 732, 733 (Tex. App.—Waco
2005, no pet.).

We next address the State’s argument
that Moss failed to show that identity was in issue at trial.  A threshold requirement
for the trial court’s ordering forensic DNA testing is that the defendant’s
identity was or is an issue in the case.  Tex. Code
Crim. Proc. Ann. art.
64.03(a)(1)(B);
Birdwell v. State, 276
S.W.3d 642, 644 (Tex. App.—Waco 2008, pet. dism’d).  Here, several witnesses identified Moss
as the person who shot the victim.  Moss testified that he was drunk on the
night of the offense, did not know whether he shot the victim, and did not want
to kill anyone.  He requested a self-defense instruction, which the trial court
denied.  Moss argues that he maintained his innocence during trial, but admits
that his counsel presented the theory of self-defense at trial.  Moss has not shown
that identity was in issue.  See Birdwell,
276 S.W.3d at 646; see also Reger v. State, 222 S.W.3d 510, 514 (Tex. App.—Fort
Worth 2007, pet. ref’d).

Because Moss has not established his
entitlement to DNA testing, we overrule his sole issue and affirm the trial
court’s order denying his motion for DNA testing.

 

 

FELIPE REYNA

Justice

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

Affirmed

Opinion
delivered and filed July 8, 2009

Do not publish

[CRPM]

 

 

 






sti
1994, no pet.).  However, an action which generally does not rise to the level
of resisting arrest can constitute sufficient force in certain situations.  See
Raymond v. State, 640 S.W.2d 678, 679 (Tex. App.—El Paso 1982, pet. ref’d). 
Courts have made the distinction between actions which endanger an officer (i.e.
striking an arresting officer’s arm) and those actions in which there is no
danger of injury to the officer (i.e. pulling arm away from officer).  See
id.  For example, this Court has held that pulling one’s arm in an attempt
to shake off an officer’s grip can constitute force when an officer is endangered. 
Bryant
v. State, 923 S.W.2d 199, 206 (Tex. App.—Waco 1996,
pet. denied).  Similarly, although courts have held that
non-cooperation alone is not sufficient to establish resisting arrest, we have
held that physical resistance in addition to threats of imminent bodily harm (i.e.
producing a gun and saying “get back”) establishes use of force against an
officer.  Campbell v. State, 128 S.W.3d 662, 671 (Tex. App.—Waco 2003, no pet.).  

      The activity of releasing a
vicious dog to attack an officer goes beyond simply pulling one’s arm away or
threatening an officer.  This action endangered the officer and was sufficient to
qualify as “use of force” within the meaning of the statute.  We conclude that,
when viewed in the light most favorable to the verdict, the evidence is
sufficient to support a conviction for resisting arrest.  We overrule the issue.

Conclusion

Having overruled Gary’s sole issue, we
affirm the trial court’s judgment.  

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed

Opinion
delivered and filed May 24, 2006

Publish

[CR25]