

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0259-13

**ATHA ALBERT DOBBS, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE FIRST COURT OF APPEALS
## WASHINGTON COUNTY

**MEYERS, J., filed a dissenting opinion.**

### DISSENTING OPINION

Because I disagree with the majority's conclusion that no rational juror could have found that Appellant's conduct constituted a use of force against a peace officer, I would have affirmed the court of appeals' decision. I believe that the evidence was sufficient to support Appellant's conviction and, therefore, I respectfully dissent.

The essential elements of resisting arrest are: (1) intentionally, (2) preventing or obstructing, (3) a person the defendant knows to be a peace officer or working with a

peace officer, (4) from effecting an arrest, (5) of the defendant or another, (6) by using force against the peace officer or another. TEX. PENAL CODE § 38.03(a) (West 2013). Although it is usually a Class A misdemeanor, the offense becomes a felony in the third degree if the defendant uses a deadly weapon to resist. *See id*. at §§ 38.03(c)-(d).

The Penal Code does not define "force" or "using force against" for Section 38.03 purposes. However, the section's commentary further explains that the section "applies only to resistance by the use of force. One who runs away or makes an effort to shake off the officer's detaining grip may be guilty of evading arrest under Section 38.04, but he is not responsible under this section." *Washington v. State*, 525 S.W.2d 189, 190 (Tex. Crim. App. 1975) (quoting practice commentary).

Despite this clarification, courts have come to a number of different results when confronting what constitutes "force against" an officer or another. *See Pumphrey*, 245 S.W.3d at 91-92 (determining that the force need only be in opposition to the officer, not necessarily directed toward him, and, therefore, the defendant's jerking and twisting against the officer's efforts to arrest her were sufficient to support the conviction); *Gary v. State*, 195 S.W.3d 339, 341 (Tex. App.–Waco 2006, no pet.) (holding that the release of an attack dog, even though the dog never touched the officer, constituted force)*; Sheehan v. State*, 201 S.W.3d 820, 823 (Tex. App.–Waco 2006) (determining evidence of force to be insufficient where defendant pulled arms into chest and refused to move them because those actions caused no danger of injury to the officers); *Torres v. State*, 103

S.W.3d 623, 627 (Tex. App.–San Antonio 2003) (concluding that the defendant used force against the officers by raising his arm up and knocking the officers' hands away while they attempted to handcuff him); *Campbell v. State*, 128 S.W.3d 662, 667-78 (Tex. App.–Waco 2003) (producing a gun, saying "get back," and physically resisting established "use of force" against the officer); *Leos v. State*, 880 S.W.2d 180, 184 (Tex. App.–Corpus Christi 1994, not pet.) (holding that an attempt to flee by crawling away did not constitute sufficient force for a resisting arrest conviction); *Raymond v. State*, 640 S.W.2d 678 (Tex. App.–El paso 1982, pet. ref'd) (concluding that merely pulling arm away from arresting officer was insufficient to support the conviction).

As discussed, in order to be convicted of resisting arrest, the defendant must use the force "against the peace officer or another" to obstruct the arrest. TEX. PENAL CODE § 38.03(a). "Another" is defined as "a person other than the actor," and "actor" is defined as "the person whose criminal responsibility is in issue in a criminal action." *Id*. § 1.07(a)(2), (5). Therefore, the plain language of the Penal Code indicates that when the defendant himself is the target of the force he uses, that conduct alone will not be enough on which to base a charge for resisting arrest.

Thus, we must determine whether Appellant's actions of wielding a gun and pointing it at his own head constitutes force against the officer for the purposes of resisting arrest. The Appellant claims that the officers were never threatened or in danger of being harmed, so his actions could not be considered "force." The State argues that

Appellant's possession of and refusal to hand over the gun were force used against the officers that delayed and hindered his arrest.

Although the specific issue in this case has not been considered before, logic and caselaw make clear that at least pointing a gun at an individual constitutes force. *See, e.g. Lewis v. State*, 469 So.2d 1291, 1298 (Ala. Crim. App. 1984), *aff'd*, 469 So. 2d 1301 (Ala. 1985) ("brandishing the weapon constituted both the use of force and the threat of force"); *People v. Le Blanc*, 23 Cal. App. 3d 902, 908-09 (Cal. App. 3d Dist. 1972) (aiming a gun at the victim while demanding money constituted "force"); *State v. Deutscher*, 225 Kan. 265, 270-71 (Kan. 1979) (pointing an unloaded gun at victim was sufficient for a conviction under the assault statutes); *State v. Gordon*, 321 A.2d 352, 367 (Me. 1974) ("the pointing of a firearm at Prout while defendant and Strode were taking Prout's automobile was unquestionably the use of 'force and violence'"); *State v. Allen*, 69 S.W.3d 181, 186 (Tenn. 2002) ("Pointing a deadly weapon at the victim is physical force directed at the body of the victim."). While it is less clear whether brandishing the gun without pointing it at or threatening an officer or another is sufficient to qualify as force, I would hold that in Appellant's case, the evidence was sufficient for a jury to conclude that he used force against the officer in obstructing his arrest.

With no statutory definition of "force" provided, we may look to dictionary definitions to determine its plain meaning. *Lane v. State*, 933 S.W.2d 502, 515 n.12 (Tex. Crim. App. 1996). Black's Law Dictionary defines "force" as "power, violence, or

pressure directed against a person or thing." BLACK'S LAW DICTIONARY 519 (7th ed. 2000). I believe that a jury could reasonably conclude that, even though Appellant only verbally threatened himself, his wielding of a firearm in response to the arrest attempt not only put pressure on the officers to delay the arrest but also gave Appellant power over those officers.

The majority asserts that Appellant's actions were not "against" a peace officer because he never directed a threat toward the officers. I disagree with this conclusion, however, because I believe the threat was inherent in Appellant's actions and did not need to be expressly stated. When officers encounter a person threatening to kill himself, whether that person is an arrestee or not, they will work toward a resolution that leaves every individual involved safe and alive, including the officers. In an arrest situation, this would likely result in the arrest being delayed until officers could safely approach the arrestee. This is particularly true where there is a dangerous or deadly weapon involved that needs to be secured for everyone's, including the officers', safety. Anytime someone is brandishing a weapon, there is a special danger. While a person may be threatening only himself, no one can read his thoughts or predict what he may do next. As we have acknowledged in the past, "display of a deadly weapon may, and frequently does, produce a threat of deadly force." *Girdy v. State*, 213 S.W.3d 315, 318 (Tex. Crim. App. 2006). The dangerous weapon could be used against the individual or turned against other people at any moment. And if the individual did use the weapon only upon himself, there is still a

danger of it causing great harm to the people around him. If, for example, a bullet passed all the way through someone's body and continued traveling, there could be grave repercussions for a bystander. The officers' goal would be to maintain everyone's safety, including both the defendant's and their own, and this goal is threatened once a weapon is used against any individual involved in the situation. Therefore, as demonstrated by this case, someone pointing a gun at his own head while officers are attempting to make an arrest is a use of force against those officers that obstructs them from effecting the arrest. Consequently, I believe that the evidence of the force used by Appellant was sufficient to convict him of resisting arrest with a deadly weapon.

Contrary to the majority's conclusion, Appellant used force "in opposition to" the officer. And because Appellant inherently threatened him, using a firearm to delay his arrest and gain control of the situation, a jury could reasonably conclude that he used force against the officer. Therefore, I would conclude that the evidence is sufficient to support Appellant's conviction, and would affirm the judgment of the court of appeals.

Meyers, J.

Filed: June 25, 2014

Publish