**Marks Flynn BRYANT, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 960–96.

Court of Criminal Appeals of Texas, En Banc.

Jan. 22, 1997.

Michael B. Roberts, Waco, for appellant.

Wayne H. Coughran, Asst. Dist. Atty., Waco, Matthew Paul, State's Atty., Austin, for the State.

Before the court en banc.

Appellant's petition for discretionary review refused.

BAIRD, Judge, dissenting.

Appellant was convicted of resisting arrest. Tex. Penal Code Ann. § 38.03. The jury assessed punishment at confinement for 180 days in the McLennan County Jail. The Court of Appeals affirmed. *Bryant v. State,* 923 S.W.2d 199 (Tex.App.—Waco 1996).

On direct appeal, the Court of Appeals held the State's closing argument was improper and that the trial judge erred in overruling appellant's objection. The Court then concluded the error was harmless, citing *Harris v. State,* 790 S.W.2d 568 (Tex.Cr.App. 1989) and Tex.R.App. P. 81(b)(2). *Bryant,* 923 S.W.2d at 211–12.

I believe the Court's harm analysis was deficient in two respects. First, the Court did not cite *Orona v. State,* 791 S.W.2d 125 (Tex.Cr.App.1990), where this Court articulated the following factors which an appellate court should consider when performing a harm analysis after finding improper jury argument: 1) the source of the error; 2) the nature of the error; 3) whether the error was emphasized and its probable collateral implications; 4) the weight a juror would probably place upon the error; and 5) whether declaring the error harmless encouraged the State to repeat it with impunity. *Id.,* 791 S.W.2d at 130.

Secondly, the Court did not consider the fact that the trial judge overruled appellant's objection to the improper argument. In *Good v. State,* 723 S.W.2d 734, 738 (Tex.Cr. App.1986), we stated: "[A] trial court, by overruling an objection to an improper argument, puts 'the stamp of judicial approval' on the improper argument, thus magnifying the possibility for harm." *See also Burke v. State,* 652 S.W.2d 788, 790 (Tex.Cr.App.1983). This consideration is important when considered in light of the fourth *Orona* factor: the weight a juror would probably place upon the error.

Accordingly, I would grant appellant's petition for discretionary review, vacate the judgment of the Court of Appeals and remand the case to that Court for another harm analysis. Because the majority fails to do so, I respectfully dissent.

MEYERS and MANSFIELD, JJ., join this opinion.