TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00447-CR


NO. 03-98-00448-CR






Herman Charles Starner, Jr., Appellant



v.



The State of Texas, Appellee






FROM THE COUNTY COURT AT LAW OF COMAL COUNTY


NOS. 97CR-899 & 97CR-900, HONORABLE FRED R. CLARK, JUDGE PRESIDING







 The jury found appellant guilty of the offenses of resisting arrest (1) and operating a
motor vehicle while intoxicated. (2) The offenses were consolidated for trial by agreement of the
parties. The trial court assessed punishment at 90 days in jail for each offense, jail times
suspended in both causes except for ten days' confinement as conditions of probations. 
Punishments included fines of $500 and $300. Appellant asserts two points of error, contending
that errors occurred in the trial court because: (1) the evidence was insufficient to show that
appellant used force against the arresting officer, and (2) evidence of the extraneous offense of
retaliation was admitted. We will overrule appellant's points of error and affirm the judgments
of the trial court.

 Trooper Randy Vetter testified that about midnight on March 24, 1997, he activated
the overhead emergency lights on his patrol car to stop a vehicle that was weaving on Highway
281. Vetter advised the driver, identified as appellant, that he had been stopped for failure to
drive in a single lane. Vetter smelled an odor of alcoholic beverages on appellant's breath and
observed that appellant's eyes were red. In response to the officer's question, appellant stated that
he had "a couple of drinks." After sobriety tests were given, Vetter concluded that appellant was
intoxicated because of appellant's performance on the tests, his lack of balance, alcohol on his
breath, his slurred speech and red eyes, and the manner in which appellant had driven his vehicle.

 When Vetter started to put the handcuffs on appellant, appellant said, "We don't
have to do this" and "he started to turn and twist from me." Vetter next tried an "armbar"
procedure in an effort to handcuff appellant that proved unsuccessful because appellant continued
"jerking and twisting." Vetter stated that when it became obvious that appellant would not
cooperate, he used "pepper spray" on him. Vetter related that appellant started coming toward
him with hands and arms extended, stating, "Just let me get you, son of a bitch." Vetter was
unable to subdue and handcuff appellant until he struck appellant three times with his baton, twice
on the leg and one time on the arm.

 After Vetter was able to get appellant and appellant's wife (arrested for public
intoxication) into the patrol car, Vetter picked up fellow trooper Samuel Blair who had been
investigating another vehicle a short distance away. When they returned to the arrest site in order
that Blair might take an inventory of appellant's vehicle, appellant, thinking that Vetter was Blair,
stated that you are "much nicer than the other officer" and "when I get out--I will get a gun, and
if the officer stops me again, it will be different, I will shoot him."

 Appellant contends that the evidence was insufficient to support the conviction for
resisting arrest because there was no evidence that appellant used "force against the peace officer,"
an essential element of the offense. Section 38.03(a) of the Texas Penal Code provides:


 A person commits an offense if he intentionally prevents or obstructs a person he
knows is a peace officer or a person acting in a peace officer's presence and at his
direction from effecting an arrest, search, or transportation of the actor or another
by using force against the peace officer or another.



 We find appellant's reliance on Young v. State, 822 S.W.2d 99 (Tex. Crim. App.
1981), to be misplaced. In Young, the defendant was arrested for disorderly conduct when he
climbed on the coliseum stage. After being handcuffed and taken to the security office, the
defendant pulled away from the officer who was attempting to handcuff him to transport him to
the city jail. In the process of attempting to pull away, the defendant struck another officer. The
Young court held that the act of "pulling away" was not sufficient to support the conviction. Id.
at 101. Nor is the instant cause like Raymond v. State, 640 S.W.2d 678-79 (Tex. App.--El Paso
1982, pet. ref'd), where it was held that the defendant's act of pulling his arm out of the officer's
grip did not constitute force against the peace officer. "The very language of Section 38.03
indicates that the required force must be directed at the officer or applied to him." Id. (emphasis
added).

 In Bryant v. State, 923 S.W.2d 199, 208 (Tex. App.--Waco 1996), pet. ref'd, 940
S.W.2d 663 (Tex. Crim. App. 1997), the court found that the evidence supported the conviction
for resisting arrest, stating that the defendant's acts went beyond "simply pulling away." When
the officer attempted to arrest the defendant, the defendant "stiffened up--jerked back with a
rather violent swing, coming close to hitting [the officer] in the face." The defendant was in a
forward motion when the officer grabbed the defendant, causing the officer and the defendant to
fall.

 In the instant cause, appellant jerked and twisted with such force that Vetter was
unable to deter him despite the officer having sprayed appellant in the face with pepper spray. 
Subsequently, appellant ran toward Vetter with such determination to get Vetter that Vetter had
to strike appellant with a baton three times in order to subdue him. Viewing the evidence in the
light most favorable to the jury's verdict, we hold that any rational trier of fact could have found
the essential elements of the offense beyond a reasonable doubt. Appellant's first point of error
is overruled.

 In his second point of error, appellant contends that the trial court erred in admitting
appellant's statement that if the officer stopped him again he would get a gun and shoot him. 
Appellant reasons that his statement was only relevant to the issue of intoxication and was not
admissible as part of the investigative stop since appellant was already under arrest and in the
patrol car.

 We find Waites v. State, 401 S.W.2d 243 (Tex. Crim. App. 1966), adverse to
appellant's argument. In Waites, the defendant was in the patrol car en route to jail ten minutes
after his arrest when he told the officer, "[If] you want to get tough about this we will. If you
want to settle this we will." Waites held that the defendant's statement was admissible. The court
found: "The statements of [the defendant] were made shortly after he was placed in the patrol car
in close proximity to the time and place of his arrest, and appear to have been spontaneously made
incident to that arrest and while appellant was still excited from the events which had transpired
at the scene of his arrest." Id. at 245.

 Appellant's statement in the instant cause was not in response to any questions of
the officer. Appellant's threat was spontaneous and made at or near the place of his arrest shortly
after he had been taken into custody. Given the intensity of the events that preceded the arrest,
it is logical to conclude that appellant's threat was made while he was still in the grip of such
emotional events. We hold that appellant's statement was made incident to his arrest and was
admissible. Appellant's second point of error is overruled.

 The judgments of the trial court are affirmed.



 

 Tom G. Davis, Justice

Before Justices Jones, B. A. Smith and Davis*

Affirmed on Both Causes

Filed: March 18, 1999

Do Not Publish



* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. See Tex. Penal Code Ann. § 38.03 (West 1994).
2. See Tex. Penal Code Ann. § 49.04 (West 1994 & Supp. 1999).



held that the defendant's act of pulling his arm out of the officer's
grip did not constitute force against the peace officer. "The very language of Section 38.03
indicates that the required force must be directed at the officer or applied to him." Id. (emphasis
added).

 In Bryant v. State, 923 S.W.2d 199, 208 (Tex. App.--Waco 1996), pet. ref'd, 940
S.W.2d 663 (Tex. Crim. App. 1997), the court found that the evidence supported the conviction
for resisting arrest, stating that the defendant's acts went beyond "simply pulling away." When
the officer attempted to arrest the defendant, the defendant "stiffened up--jerked back with a
rather violent swing, coming close to hitting [the officer] in the face." The defendant was in a
forward motion when the officer grabbed the defendant, causing the officer and the defendant to
fall.

 In the instant cause, appellant jerked and twisted with such force that Vetter was
unable to deter him despite the officer having sprayed appellant in the face with pepper spray. 
Subsequently, appellant ran toward Vetter with such determination to get Vetter that Vetter had
to strike appellant with a baton three times in order to subdue him. Viewing the evidence in the
light most favorable to the jury's verdict, we hold that any rational trier of fact could have found
the essential elements of the offense beyond a reasonable doubt. Appellant's first point of error
is overruled.

 In his second point of error, appellant contends that the trial court erred in admitting
appellant's statement that if the officer stopped him again he would get a gun and shoot him. 
Appellant reasons that his statement was only relevant to the issue of intoxication and was not
admissible as part of the investigative stop since appellant was already under arrest and in the
patrol car.

 We find Waites v. State, 401 S.W.2d 243 (Tex. Crim. App. 1966), adverse to
appellant's argument. In Waites, the defendant was in the patrol car en route to jail ten minutes
after his arrest when he told the officer, "[If] you want to get tough about this we will. If you
want to settle this we will." Waites held that the defendant's statement was admissible. The court
found: "The statements of [the defendant] were made shortly after he was placed in the patrol car
in close proximity to the time and place of his arrest, and appear to have been spontaneously made
incident to that arrest and while appellant was still excited from the events which had transpired
at the scene of his arrest." Id. at 245.

 Appellant's statement in the instant cause was not in response to any questions of
the officer. Appellant's threat was spontaneous and made at or near the place of his arrest shortly
after he had been taken into custody. Given the intensity of the events that preceded the arrest,
it is logical to conclude that appellant's threat was made while he was still in the grip of such
emotional events. We hold that appellant's statement was made incident to his arrest and was
admissible. Appellant's second point of error is overruled.

 The judgments of the trial court are affirmed.