# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00255-CR

**David Clifton Spurk, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE COUNTY COURT AT LAW NO. 2 OF HAYS COUNTY
## NO. 64649, HONORABLE LINDA A. RODRIGUEZ, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

David Clifton Spurk appeals his conviction for the offense of resisting arrest. *See* Tex. Pen. Code Ann. § 38.03 (West 2003). After a jury trial, the court imposed a sentence of one-year imprisonment, probated, and a fine of $750. On appeal, Spurk challenges the legal and factual sufficiency of the evidence to support the finding that he used force against the officer. We affirm the trial court's judgment of conviction.

## BACKGROUND

San Marcos police officer Kelly Earnest was driving back to the police department from a private contract job at approximately 2:30 a.m. when she noticed a pickup truck with no headlights on, tailgating another car. When the truck passed Earnest, she noticed that a passenger

in the bed of the truck ducked down. Earnest called the dispatcher to report her observations and intent to stop the truck. She then turned around and activated her lights to initiate the traffic stop. The truck did not initially stop but eventually pulled over into the parking lot of an apartment complex.

Earnest, in full uniform, approached Spurk in the driver's seat and asked for identification. She discovered that Spurk was only eighteen years old. During this exchange, Earnest detected the smell of alcohol on Spurk and decided to perform field sobriety tests. After the tests, Earnest determined that Spurk was not legally intoxicated. However, because Spurk was a minor, he could be charged with driving under the influence (DUI), and Earnest decided to arrest him for that offense. *See* Tex. Alco. Bev. Code Ann. § 106.041 (West Supp. 2004) (minor commits offense when he operates motor vehicle in public place while having any detectable amount of alcohol in system).

Earnest told Spurk to turn around and place his hands behind his back for a DUI arrest. Instead of complying, Spurk argued with Earnest and continued to ignore her as she repeated the order several more times. Spurk then began to walk away, and Earnest grabbed his right wrist and handcuffed it. Spurk started to twist and pull his hand out of the handcuff, pulling Earnest with him. At this point, Officer Spriegel, who had arrived at the scene in response to the radio report, assisted Earnest by bringing Spurk's left arm around behind him. Spurk continued to twist and struggle, pulling both officers towards the truck. Hoping to gain control of Spurk, Earnest struck him twice with her knee, but when that was unsuccessful, Spriegel tripped Spurk and forced him to the ground.

2

A jury found Spurk guilty of resisting arrest and sentenced him to a one-year probated imprisonment and a fine of $750. Spurk's motion for new trial was denied, and he now appeals the conviction.

## DISCUSSION

A person commits the offense of resisting arrest if he "intentionally prevents or obstructs a person he knows is a peace officer . . . from effecting an arrest . . . by using force against the peace officer or another." Tex. Pen. Code Ann. § 38.03(a). Spurk argues that the State failed to present sufficient legal or factual evidence to prove that he used force *against* the officers.

When reviewing the legal sufficiency of the evidence, we look at all the evidence in the light most favorable to the verdict to determine whether a rational finder of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Johnson v. State*, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). The jury as trier of fact is entitled to resolve any conflicts in the evidence, to evaluate the credibility of the witnesses, and to determine the weight to be given any particular evidence. *See Jones v. State*, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996).

Spurk relies on the testimony of an eyewitness and the officers, who stated at trial that Spurk pulled away but was not aggressive toward Earnest. Spurk contends that merely pulling away from an officer's grasp is insufficient to support a conviction of resisting arrest; instead, force must be directed at or applied to the officer. *See Raymond v. State*, 640 S.W.2d 678, 679 (Tex. App.—El Paso 1982, pet. ref'd) (defendant's jerking of hand away from officer's grip, absent any additional force exerted upon officer, was insufficient to show force under section 38.03). Spurk also argues

3

that an attempt to flee, without some force directed at the officer, is insufficient to support a conviction. *See Leos v. State*, 880 S.W.2d 180, 184 (Tex. App.—Corpus Christi 1994, no pet.) (defendant's running away from officer, holding hands to stomach, and trying to crawl away in attempt to escape did not involve sufficient force directed at officer to sustain conviction for resisting arrest).

Other courts, however, have refused to follow *Raymond* and *Leos*, instead finding that pulling one's arm in an attempt to shake off an officer's detaining grip could amount to force against that officer, depending on the circumstances. *Torres v. State*, 103 S.W.3d 623, 627 (Tex. App.—San Antonio 2003, no pet.); *Bryant v. State*, 923 S.W.2d 199, 207 (Tex. App.—Waco 1996), *pet. ref'd*, 940 S.W.2d 663 (Tex. Crim. App. 1997). The defendant in *Bryant* swung his body around in an attempt to resist the officer's grip, causing them both to fall to the ground. 923 S.W.2d at 208. In *Torres*, the defendant swung his arm up in a similar attempt to resist being handcuffed, hitting the officer's arm away in the process. 103 S.W.3d at 626. Both the *Bryant* and *Torres* courts held that such actions amounted to force against the officer, noting that a "pulling" action exerted by a defendant could be as forceful as a "pushing" action. *See Torres*, 103 S.W.3d at 626-27; *Bryant*, 923 S.W.2d at 208.

Spurk's case bears a closer resemblance to *Bryant* and *Torres* than it does to *Raymond* and *Leos*. Earnest testified that Spurk, in the process of pulling and twisting away, also pulled her along with him for approximately two feet. The force that Spurk exerted in trying to pull away from the handcuff, although arguably not directed *against* Earnest, was strong enough to drag her against her will. Like the force used by Bryant that had the additional impact of making the officer fall to

4

the ground and the force used by Torres that knocked the officer's arm away, the force used by Spurk had the additional impact of dragging Earnest.

Moreover, in a case with similar facts, the court of criminal appeals sustained the conviction of resisting arrest based on the testimony of two officers stating that after one handcuff had been placed on the defendant, the officers were dragged eight to ten feet by the resisting defendant. *Washington v. State*, 525 S.W.2d 189, 190 (Tex. Crim. App. 1975). In the present case, Earnest was dragged only two feet as opposed to eight; however, the critical issue is not how far the officer was dragged but that the defendant exerted a force that was not limited to the attempt to pull away. The force additionally made an impact on the officer and rendered the officer unable to resist. Thus, both here and in *Washington*, the force was exerted *against* the officers, regardless of its original purpose. Viewing the evidence in the light most favorable to the prosecution, it is legally sufficient to support the verdict beyond a reasonable doubt.

In a factual-sufficiency review, the reviewing court "views all the evidence without the prism of 'in the light most favorable to the prosecution,'" and sets aside the verdict only if it is "so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). In such a review, the court asks whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is too weak or that the contrary evidence is too strong to rationally support a finding of guilt beyond a reasonable doubt. *Zuniga v. State*, No. 539-02, 2004 Tex. Crim. App. LEXIS 668, at *20 (Apr. 21, 2004). In other words, considering all the evidence in a neutral light, we determine whether the jury was rationally justified in finding guilt beyond a reasonable doubt. *Id.* Appellate

5

courts are not free to reweigh the evidence and set aside a jury verdict merely because the reviewing judges feel that a different result is more reasonable. *Clewis*, 922 S.W.2d at 135. A factual-sufficiency review must employ appropriate deference to the fact-finder's role as the sole judge of the weight and credibility to be given to witness testimony. *Johnson*, 23 S.W.3d at 7.

Spurk points to his own testimony, which was corroborated by the testimony of eyewitness Charles Bolden, who remained in the bed of the truck throughout the incident. As Bolden recounted the incident, Spurk responded with much less resistance and aggression. Bolden suggested that the officers' behavior was inappropriate and that "[Earnest] put one cuff on and then the male officer was all up on [Spurk] throwing him down," making no reference to any resistance from Spurk up to that point. However, Bolden was a good friend of Spurk. Furthermore, Bolden admitted that it was dark and he could not see everything, and the State noted that Bolden had previously admitted to Spurk's squirming and struggling throughout the arrest. Therefore, a reasonable jury could have found Bolden's conflicting testimony at trial not credible. *See id*.

In direct opposition, both officers testified that Spurk twisted, pulled, and ultimately dragged them in his struggle to free himself of the handcuff and ensuing arrest. At one point, the second officer had to come to Earnest's aid in order to contain Spurk and regain control. Viewing all the evidence in a neutral light, the officers' testimony is strong enough to rationally support a finding of guilt beyond a reasonable doubt and is not so outweighed by the contrary evidence as to be clearly wrong and unjust. We overrule Spurk's two points of error.

## CONCLUSION

Finding the evidence legally and factually sufficient to support Spurk's conviction for resisting arrest, we affirm the judgment of the trial court.

_____

Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Patterson

Affirmed

Filed:   June 24, 2004

Do Not Publish