**Opinion filed January 31, 2014**



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00037-CR

_____

## RICHARD RITZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from County Court at Law No. 5

Travis County, Texas

Trial Court Cause No. C-1-CR-11-212272

## M E M O R A N D U M   O P I N I O N

Richard Ritz appeals his conviction for the misdemeanor offense of resisting arrest.[1]  Pursuant to a plea bargain agreement, Appellant pleaded nolo contendere to the offense, and the trial court sentenced Appellant to confinement for thirty-six days.  In four issues, Appellant contends that numerous pretrial rulings are void

---

[1]*See* TEX. PENAL CODE ANN. § 38.03(a), (c) (West 2011).

because jurisdiction had not yet vested with the trial court when the rulings were made and that the information was fatally defective. We affirm.

*Background*

Appellant was arrested and charged by information with resisting arrest after an altercation with a peace officer during a traffic stop. For reasons that are not in the appellate record, the State did not present the information until after the trial court conducted multiple pretrial hearings and entered a series of pretrial orders and judgments. After the State filed the information with the trial court, Appellant entered a plea of nolo contendere to the offense in exchange for the prosecutor's agreement to dismiss multiple other charges that were pending against Appellant. Although this is a plea bargain case, Appellant is appealing matters that were raised by written motion filed and ruled on before trial. *See* TEX. R. APP. P. 25.2(a)(2).

*Analysis*

Appellant contends in his first issue that five pretrial rulings are void for lack of jurisdiction because a charging instrument had not yet been filed at the time the rulings were entered. Specifically, Appellant complains of the following pretrial orders and judgments:

(1)    Order Transferring Cause from County Court at Law No. 7 to County Court at Law No. 5;

(2)    Joinder of Appellant's case with his codefendant's case;

(3)    Judgment of Criminal Contempt of Court against Appellant;

(4)    Order to Revoke Personal Bond and Capias; and

(5)    Voluntary Recusal of Judge Nancy Hohengarten.

Appellant contends in his second issue that the trial court committed fraud when it entered the Order Transferring Cause, the Judgment of Criminal Contempt of Court, and the Order to Revoke Personal Bond and Capias. Appellant does not allege any fraudulent conduct other than the trial court's decision to make such rulings without having jurisdiction. In essence, Appellant's first and second issues both challenge the trial court's power to enter pretrial rulings before the information was filed. We, therefore, address Appellant's first two issues together and address the propriety of each pretrial ruling in turn.

Appellant first challenges the jurisdiction of the trial court when it entered the Order Transferring Cause from County Court at Law No. 7 to County Court at Law No. 5. According to the order, Appellant's case was transferred to County Court at Law No. 5 because his codefendant's case was pending therein.

Section 74.121 of the Government Code provides:

> The judges of . . . statutory county courts . . . in a county may transfer cases to and from the dockets of their respective courts, except that a case may not be transferred from one court to another without the consent of the judge of the court to which it is transferred and may not be transferred unless it is within the jurisdiction of the court to which it is transferred.

TEX. GOV'T CODE ANN. § 74.121 (West 2013).

Under Section 74.121, the trial court was free to transfer the case from County Court at Law No. 7 so long as County Court at Law No. 5 had jurisdiction and the presiding judge therein consented to the transfer. *See id.* Judge Nancy Hohengarten, Presiding Judge in County Court at Law No. 5, consented to the transfer when she signed the transfer order. Moreover, according to the Travis County Local Rules, the county courts at law have concurrent jurisdiction over the case—both courts have the power to hear Class A misdemeanor offenses. *See* Travis Cnty. (Tex.) Loc. R. 1.3. Because the presiding judge consented to the

3

transfer and the Local Rules provided the trial court with jurisdiction to hear the case, the Order Transferring Cause to County Court at Law No. 5 was proper and within the trial court's power. The jurisdiction that is vested by the filing of an information is not required for such an order. Appellant's complaint as to the Order Transferring Cause is without merit.

Appellant next complains of the joinder of his case with his codefendant's case and other cases pending against Appellant that arose out of the same criminal episode. But the trial court sustained Appellant's objection to the joinder in a pretrial hearing, and the case was severed at Appellant's request. Thus, Appellant's dispute as to joinder is moot, and he has presented nothing for our review. *See Pharris v. State*, 165 S.W.3d 681, 687 (Tex. Crim. App. 2005).

Appellant's third challenge to a pretrial ruling complains of the Judgment of Criminal Contempt of Court against him, which Judge Hohengarten entered in response to Appellant's disruption of the courtroom in a pretrial hearing and failure to comply with the trial court's order to cease speaking and leave the courtroom. However, the proper vehicle to challenge a judgment of contempt against a criminal defendant is a collateral attack by petition for writ of habeas corpus or mandamus. *See In re Smith*, 310 S.W.3d 908, 913 (Tex. App.—Eastland 2010, orig. proceeding); *In re M.J.*, 227 S.W.3d 786, 793 (Tex. App.—Dallas 2006, pet. denied). We are unaware of any statute that authorizes a direct appeal from a judgment of contempt, and Appellant did not file a petition for writ of habeas corpus or mandamus in this case. This court lacks jurisdiction to review Appellant's challenge to the Judgment of Criminal Contempt against him.

Appellant next complains of the trial court's Order to Revoke Personal Bond and Capias, which increased Appellant's bond from $6,000 to $12,500 following the Judgment of Criminal Contempt of Court against him. However, because a judgment of conviction has now been entered in this cause, the appeal from the

4

order revoking pretrial bond is moot. *See Gaytan v. State*, No. 14-02-00563-CR, 2003 WL 193217, at *1 (Tex. App.—Houston [14th Dist.] Jan. 30, 2003, no pet.). Thus, Appellant's complaint as to the trial court's Order to Revoke Personal Bond and Capias is without merit on appeal.

Appellant's final challenge to a pretrial ruling rests on Judge Hohengarten's sua sponte recusal. We note that Appellant failed to preserve error for our review as to this complaint. Although Appellant objected to the visiting judge's assignment following Judge Hohengarten's recusal, Appellant never objected to the recusal itself. *See* TEX. R. APP. P. 33.1(a). Furthermore, although a defendant in any criminal action has the right to appeal a final judgment of conviction, appellate jurisdiction over other types of criminal cases must be expressly granted by law. *Abbott v. State*, 271 S.W.3d 694, 697 (Tex. Crim. App. 2008). We are unaware of any statute that authorizes an appeal from a trial judge's sua sponte recusal from a case. Consequently, we hold that Judge Hohengarten's voluntary recusal is not an appealable order. *See* TEX. R. CIV. P. 18a(j); *Arnold v. State*, 853 S.W.2d 543, 544 (Tex. Crim. App. 1993) (holding that TEX. R. CIV. P. 18a applies to criminal cases). Having dismissed Appellant's complaints as to each pretrial ruling, we overrule Appellant's first and second issues.

Appellant contends in his third issue that the trial court lacked subject-matter jurisdiction because the State had no standing to assert a claim. According to Appellant, there is no justiciable controversy because the information and complaint do not allege injury, do not allege a violation of a legal right, and do not make a claim or request for redress. But Appellant's argument rests on jurisdictional principles in civil law; Appellant fails to cite any criminal cases to support his argument against the State's standing. In criminal cases, a trial court has jurisdiction to hear a criminal case upon the filing of a charging instrument, and the State is not required to establish standing to invoke the jurisdiction of the

trial court. *See* TEX. CONST. art. V, § 12(b); *Trejo v. State*, 280 S.W.3d 258, 260–61 (Tex. Crim. App. 2009). Insofar as Appellant's argument challenges the validity of the information on which he was charged, we address the sufficiency of the information in Appellant's fourth issue below. Accordingly, we overrule Appellant's third issue.

Appellant contends in his fourth issue, as he did in his pretrial motion to dismiss, that the information was fatally defective because it did not allege a violation of a statute or the applicability of a statute to Appellant. Therefore, Appellant argues that the information was so vague that it was impossible to defend against. In addition, Appellant contends that the information fails to allege the requisite facts because "pulling his arm away" does not constitute resisting arrest within the meaning of the statute.

The information alleges in relevant part that Appellant did:

> [I]ntentionally prevent and obstruct J. Moore, a person [Appellant] knew to be a peace officer, from effecting an arrest of [Appellant] by using force against the peace officer, namely by pulling his arm away from the officer.

A defendant is constitutionally entitled to know what behavior he allegedly engaged in so that he can properly prepare a defense to that allegation. *State v. Carter*, 810 S.W.2d 197, 199 (Tex. Crim. App. 1991); *Hartis v. State*, 183 S.W.3d 793, 801 (Tex. App.—Houston [14th Dist.] 2005, no pet.). Accordingly, an indictment or information must allege facts that are sufficient to give the accused adequate notice of the particular offense charged. TEX. CODE CRIM. PROC. ANN. art. 21.11 (West 2009). An information is sufficient if it "charges the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of

6

certainty that will give the defendant notice of the particular offense with which he is charged." *Id.*

Generally, an information that tracks the statutory language is sufficient to provide adequate notice to the defendant of the offense charged, and the specific statutory citation need not be provided. *Smith v. State*, 895 S.W.2d 449, 453 (Tex. App.—Dallas 1995, pet. ref'd). More specific allegations may be required if the statute identifies more than one method that constitutes a violation. *Id.* at 453. In addition, a statute that uses an undefined term of indeterminate meaning requires more specific pleading to ensure that the defendant has adequate notice of the nature of the charges against him. *State v. Mays*, 967 S.W.2d 404, 407 (Tex. Crim. App. 1998).

Section 38.03 of the Penal Code provides:

> A person commits an offense if he intentionally prevents or obstructs a person he knows is a peace officer or a person acting in a peace officer's presence and at his direction from effecting an arrest, search, or transportation of the actor or another by using force against the peace officer or another.

TEX. PENAL CODE ANN. § 38.03(a) (West 2011).

Given the similarity between the allegations in the information and the language of the statute, the information sufficiently tracked the statutory language to provide adequate notice to Appellant of the offense charged against him. The information provided even more specificity than necessary by identifying the actions of Appellant that constituted a use of force against the officer. *See Tullous v. State*, 23 S.W.3d 195, 197–98 (Tex. App.—Waco 2000, pet. ref'd) (holding that information charging offense under Section 38.03(a) need not allege character of force because "force" is not term of "indeterminate or variable meaning" as used in statute).

Appellant suggests that a person "pulling his arm away" from an officer does not constitute the "use of force" required to support a resisting arrest charge as a matter of law. Although courts differ as to what is required to establish a use of force against an officer under the resisting arrest statute, our sister courts have made clear that pulling one's arm away from an officer's grasp could constitute sufficient force within the meaning of the statute. *See Pumphrey v. State*, 245 S.W.3d 85, 89 (Tex. App.—Texarkana 2008, pet. ref'd); *Tullous*, 23 S.W.3d at 198; *Bryant v. State*, 923 S.W.2d 199, 207 (Tex. App.—Waco 1996), *pet. ref'd*, 940 S.W.2d 663 (Tex. Crim. App. 1997). Whether Appellant's pulling his arm away, in fact, constitutes sufficient force to support a conviction for resisting arrest is a factual question that is to be left to the jury. Thus, the information was not fatally defective in this case because it included the specific manner by which Appellant used force against the officer effecting the arrest. We overrule Appellant's fourth issue.

In a final matter, Appellant appears to challenge, in the "Summary of the Argument" section of his brief, the voluntariness of his plea of nolo contendere; he claims that he entered his plea under duress. Appellant asserts that, upon his return to County Court at Law No. 5, he was greeted with a show of force that terrified him and caused him to feel pressured to enter his plea. Moreover, Appellant signed his plea of nolo contendere with the notation "under duress, w/o prejudice."

Appellant's complaint as to the voluntariness of his plea is vague, is not presented as a formal issue or point of error, and does not cite to any legal authority whatsoever. Appellant has waived his argument due to insufficient briefing. TEX. R. APP. P. 38.1(f), (i); *McDuff v. State*, 939 S.W.2d 607, 613 (Tex. Crim. App. 1997) (insufficiently briefed point of error presents nothing for review).

*This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY

JUSTICE


January 31, 2014

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.